# Commonwealth *v.* Wells, Appellant.

*Criminal law—Keeping bawdyhouse—Cross-examination—Previous offense—Act of March 15, 1911, P. L. 20.*

Where on the trial of an indictment for keeping a bawdyhouse, the defendant in testifying on her own behalf, denies that she ever kept a bawdyhouse she may be asked on cross-examination whether she had not pleaded guilty to conducting the same place as a bawdyhouse. Such a question is not a violation of the Act of March 15, 1911, P. L. 20.

In such a case it is not error for the court, after warning the jury to consider and weigh all the testimony, and to consider whether or not the witnesses knew what they were talking about, to further charge as follows: "This particularly applies to the witnesses who testified as to the character of the house (naming defendants witnesses). Consider whether they visited this house at such times when they had the opportunity of knowing just what kind of a house was being conducted."

*Appeals—Assignment of error—Charge.*

An assignment of error as to the charge of the court will not be considered, where the very words of the part of the charge complained of are not set out.

Argued Nov. 14, 1917. Appeal, No. 159, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., Aug. T., 1916, No. 204, on verdict of guilty in case of Commonwealth v. Tillie Wells. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for keeping a bawdyhouse. Before WHEELER, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which the defendant was sentenced to two months in the county prison.

*Errors assigned* were (1) ruling on evidence as stated in the opinion of the Superior Court; (2) portion of

charge quoted in the opinion of the Superior Court; (3) the learned trial judge erred in not adequately instructing the jury, as to the definition of the term "reasonable doubt" and with reference to the defendant's right to the benefit of the same.

*William A. Gray,* for appellant.

*Charles E. Fox,* Asst. District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY TREXLER, J., March 2, 1918:

The defendant was tried and convicted on a charge of keeping a bawdyhouse. There are three assignments of error. The first is directed to the admission of testimony. At the conclusion of the Commonwealth's case the defendant was called in her own behalf and testified that she had never run a bawdyhouse at the place set forth in the indictment. Upon cross-examination she was asked the following question, "You stated when you were on the stand, in answer to your counsel's question, who asked you did you ever conduct this place at 1017 and 1019 Green street as a bawdyhouse and did you ever rent out rooms in this house for immoral purposes, you were asked that and answered, no, sir. I now ask you whether it isn't a fact that in May, 1913, you pleaded guilty to conducting this self-same place as a bawdyhouse and frequenting it as a bawdyhouse?" Objection was made to this question which the court overruled and the witness answered, "Yes." Was this error? Defendant's counsel argues that the question which the district attorney asked was in violation of the provisions of the Act of March 15, 1911, P. L. 20, which forbids the asking of any question of any defendant in a criminal case called in his own defense "tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall be charged or tending to show that he has been of bad char-

acter or reputation unless he (omitting the portions not pertinent to the present inquiry) has given evidence tending to prove his own character or reputation." Defendant had lived at the same place for fourteen years. The evident purpose of the question asked by her counsel was to show that all through this long term of years she had conducted herself properly and had not kept a bawdyhouse. The question, although not specifically directed to show good character, tended to prove it. Manifestly the purpose was that the jury should draw the inference that it would be unlikely for the defendant, after conducting herself properly for so many years, to enter into a business such as she was charged with. If this was not the purpose of the inquiry it is hard to know why the question was asked. The defendant cannot open the door and instantly close it to the Commonwealth. The answer elicited was a contradiction of her previous declaration. Her plea of guilty was an admission that she had done the very thing she denied having done. The purpose of the act is that the Commonwealth may not on cross-examination open the forbidden subject. It was never intended that the Commonwealth may not further pursue a quest begun by the defendant. She having ventured on the forbidden ground made it a proper subject of inquiry by the Commonwealth.

The second assignment relates to a reference made by the court in its charge to the witnesses of the defendant. It stated, "You will carefully consider and weigh all of the testimony, and carefully consider the manner of the various witnesses. Consider whether or not they are telling you the truth, in other words, whether they knew what they were talking about. This particularly applies to the witnesses who testified as to the character of the house, (naming them). Consider whether they visited this house at such times when they had the opportunity of knowing just what kind of a house was being conducted." The entire charge is fair. There are references to the witnesses who were called on each side. As

we read the charge the particular reference to the Commonwealth's witnesses was to draw a distinction between the witnesses who testified to facts which came within their observation and witnesses who testified to conclusions.    The caution of the court was that the jury should consider whether the witnesses knew what they were talking about, particularly the character witnesses. They should have sufficient facts upon which to base their conclusions as to the character of the house.    Were their visits at such times as to afford them the proper data to draw a conclusion?    We see nothing unfair or improper in this caution.

The third assignment is as to the instruction as to reasonable doubt.    The assignment is not in proper form. The instructions on the subject contained in the charge are not set out.    The assignment is directed to the inadequacy of the charge in this particular.    The very words of the part of the charge complained of should be quoted: Rule 15.    As to the merits of this specification the same question was raised in Com. v. Berney, 66 Pa. Superior Ct. 434, and it was there decided that instructions as to reasonable doubt very similar and not fuller than those in the case before us were sufficient.

All the assignments of error are overruled.    The judgment is affirmed and it is ordered that the defendant, appellant, appear in the court below at such time as she may be there called, and that she be by the court committed until she has complied with the sentence or any part of it that had not been performed at the time this appeal was made a supersedeas.