R. T. FINCH V. THE STATE.

No. 9878.   Delivered February 17, 1926.

**Failure to Stop and Render Aid—Impeaching the Defendant—Details of Other Offenses—Inadmissible.**

Where appellant takes the stand as a witness in his own behalf it has ever been held proper to permit the state on cross-examination to prove by him that he had been previously convicted for a felony, but it has never been held that the state could go into the details of such other offense or offenses, and then to impeach his denial of any incident denied by him, by other witnesses, and the court's charge limiting such evidence to impeachment purposes did not cure the error in its admission.

Appeal from the District Court of Red River County. Tried below before the Hon. R. J. Williams, Judge.

Appeal from a conviction for failing to stop and render aid, after a collision with an automobile, penalty two years in the penitentiary.

The opinion states the case.

*T. T. Thompson* of Clarksville, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was prosecuted under Article 1150 P. C. (1925 Revision) which makes guilty of an offense the driver of an automobile which collides with another vehicle and who fails to stop and render aid to any person injured. His punishment was assessed at imprisonment in the penitentiary for two years.

The punishment prescribed by law is imprisonment in the penitentiary not exceeding five years, or in jail not exceeding one year, or by fine not exceeding five thousand dollars, or by both such fine and imprisonment. Punishment awarded appellant was much greater than the minimum. Attention is directed to this in view of complaint of evidence admitted over appellant's objection.

Accused was a negro. While driving a car in which was another negro man and several negro girls he collided with a wagon resulting in injury to some of its occupants. Appellant did not stop and render aid. Excuse for this failure

was based on a claim that the driver of the wagon secured a stick and cursed appellant which caused him to fear injury.

The transaction out of which the present prosecution grew occurred in May, 1925. On cross-examination appellant was asked about a transaction which occurred in Lamar County in 1922. He testified it was not a fact that he went to the penitentiary for *stealing* McGlasson's car, nor that he got in the car and ran up and down the highway and tried to run over the officers; that he had not run the car into a ditch but ran it off the road; that he did not *steal* the car and fill it up with negroes and run up and down the highway as fast as he could, but admitted that officers chased him and he turned the car over and broke it up. On re-direct examination he admitted he had served a term in the penitentiary for his connection with the McGlasson car. Appellant being a witness in his own behalf it was permissible to show as affecting his credibility that at a time not too remote he had served a term in the penitentiary. (See authorities collated under Sec. 167, Branch's Ann. Texas P. C.). It was not permissible, however, to inquire into the details of the transaction out of which that prosecution grew. In rebuttal the state called an officer who testified over appellant's objection that at the time appellant was arrested in connection with the McGlasson car he tried to run over three men, and went up and down the main highway of Lamar County at the rate of sixty-five or seventy miles an hour; that the officers had their cars across the road and that witness waved appellant down and tried to stop him; that "he put on all he had and passed another car and that other officers were waving for him to stop and that he went around them and hit the sand and turned the car over three times; and then got up and tried to run."

The court instructed the jury that his evidence of the officer could be considered for no other purpose than impeachment of appellant. It was not properly in the record and could not legitimately be considered for any purpose. In the first instance the state should have limited its inquiry to proving that appellant had served a term in the penitentiary. The details of the transaction out of which the prosecution grew were entirely immaterial, and furnished no basis as predicate for impeachment by calling the

officer to contradict appellant as to details about which it had no right to inquire. In view of the penalty assessed it is impossible for us to say that receipt of such evidence did not work to appellant's injury regardless of the effort of the court to limit it to impeachment purposes.

For the error discussed the judgment must be reversed and the cause remanded.

*Reversed and remanded.*