From William F. Schutte, Beaver, Pa.

---

## Commonwealth v. Goldberg.

*Criminal law — Evidence—Other crimes—Witnesses—Defendant—Cross-examination—Act of March 15, 1911.*

1. If a defendant in a criminal prosecution offers no evidence as to good character or reputation, he cannot, under cross-examination, be interrogated as to other offences or as to his character and reputation, unless his testimony can be construed into proof tending to show his own good character or reputation.

Act of March 15, 1911, P. L. 20, considered.

2. The credibility of a witness cannot be impeached by charges of offences of which he has not been convicted.

3. Where a defendant under cross-examination denies that he has committed other offences, he cannot be impeached by witnesses, but only by the record of his conviction.

Motion by defendant for a new trial. Q. S. Delaware Co., June Sess., 1925, No. 127.

*John E. McDonough*, for motion; *William B. McClenachan, Jr.*, contra.

FRONEFIELD, P. J., Sept. 21, 1926.—The defendant was found guilty in 1925 of an assault with intent to commit rape, moved the court for a new trial and filed two reasons: the first, to the admission of testimony of an alleged prior similar offence on others, for which the defendant was not tried; and, second, to the charge of the court referring to the evidence of the reputation of the defendant.

The defendant, in denying that he had committed an assault on the prosecutrix, said, in answer to questions of his attorney: "Q. Did you grab her (prosecutrix) at all? A. No, sir. Q. Put your hand on her in any manner or form whatsoever? A. No, sir. Q. As she stated? A. No, sir. . . . Q. Never pulled her down on the chair? A. No, sir. Not to anybody. I have a nicer wife than she is. Q. Did you pull her down on the floor? A. No, sir."

On cross-examination, the defendant was asked: "Q. When your counsel, Mr. MacDade, asked you if you had put your hands on Mary, . . . you replied . . . that you had never done that to her. A. Never did to her. Q. Or to anybody, that you had a wife of your own? A. I meant I didn't do it to her. Q. You didn't say then you had never done it to anybody? A. I didn't say that, no."

The defendant was also asked by the district attorney whether he ever did it to Annie Urban and to Annie Werenski—which questions were not answered.

In rebuttal, for the purpose of testing the weight to be given defendant's evidence, Anna Urban was called and testified, under objection, that the defendant, in his store, took her by the breast, whereupon she said to him: "If you touch me again, I am going to scream."

Commonwealth v. Goldberg.

Annie Werenski was also called in rebuttal and testified, under objection, that, thirteen years before, the defendant grabbed her to him and began to drag her into another room, and started to kiss her and pull her. She called and ran away, and that, about fifteen months ago, the defendant showed her a house to rent, took her to him—squeezed her.

The defendant urges that the court erred in permitting the defendant to be asked, in cross-examination, about his actions with these two witnesses, and relies upon the Act of March 15, 1911, P. L. 20, which provides: "That hereafter any person charged with any crime and called as a witness in his own behalf shall not be asked, and, if asked, shall not be required to answer, any questions tending to show that he has committed, or been charged with, or been convicted of, any offence other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation, unless, inter alia, he has given evidence tending to prove his own good character or reputation."

If the testimony of the defendant cannot be construed into proof tending to show his own good character or reputation, and if the Commonwealth, in the first instance, had opened the forbidden subject, the defendant is protected by the act.

It is contended that defendant's answer, being general, that he had not pulled the prosecutrix or "anybody" down on the chair, while not directed to reputation, tends to prove it, because there could have been no purpose in the answer that he had never acted that way toward anybody except to show his general good behavior, and that, therefore, he was not protected by the act. This seems to be sanctioned in Com. v. Wells, 69 Pa. Superior Ct. 227, where one charged with keeping a bawdy-house stated she had never run a bawdy-house at the place set forth in the indictment, whereupon she was asked, in cross-examination, whether she had not been previously convicted of doing so and she answered "yes," and it was held that she was not protected by the act, because the question and answer tended to show good character.

It is also contended that the questions were admissible and did not come under the ban of the Act of 1911, because they were asked to test the correctness of his voluntary statement that he had not attacked any one else and to test his credibility. If the answer meant that he had never attacked any one else, he opened the door and cannot close it to the Commonwealth, and, as stated by Judge Trexler in Com. v. Wells, 69 Superior Ct. 227: "The purpose of the act is that the Commonwealth may not, on cross-examination, open the forbidden 'subject.' It is never intended that the Commonwealth may not further pursue a quest begun by the defendant. She, having ventured on forbidden ground, made it a proper subject of inquiry by the Commonwealth."

No harm came to defendant by the questions being asked.

The real question, however, arises: May witnesses be called to contradict a statement that the defendant had never attacked any woman when the defendant had not been convicted of that attack and the attack testified to had no relation in time or circumstances to the offence for which the defendant is being tried?

The denial on the one side and the averment on the other that the defendant attacked other women made it a collateral issue which could not be passed upon by the jury: Elliott v. Boyles, 31 Pa. 65. It was in no way used to connect the defendant with the case on trial, to establish identity, to prove motive, the presence at the time of the attack or any other causal connection with it. It was offered only to affect the credibility of the defendant as a witness who, except under the protection of the Act of 1911, is not granted any higher

Commonwealth v. Goldberg.

privilege than is granted any other witness, nor are his rights any less: Com. v. Williams, 41 Pa. Superior Ct. 326. The way to impeach his credibility by fastening other offences on him is not by proof of his accusation of having committed them, but of his conviction.

In Stout v. Rassel, 2 Yeates, 334, it was held that the credit of a witness is not to be impeached by charges of offences of which he has not been convicted.

Where a witness on cross-examination, being asked by the district attorney, denied that he was a member of the Black Hand Society and pledged to disregard the American oath, the Commonwealth may not offer evidence to prove the contrary: Com. v. Varano, 258 Pa. 442.

In Marshall v. Carr, 271 Pa. 271, it was held that a witness may not be interrogated as to his alleged criminal acts, disconnected with the case on trial. He may be asked as to his conviction of an offence to affect his credibility: Weiss v. London Guarantee, etc., Co., 285 Pa. 251.

Or if the defendant had been convicted of a similar offence, as he offered himself as a witness, that fact could properly have been proved by the record to impeach his credibility: Com. v. Dorst, 285 Pa. 232; Com. v. Pezzner, 78 Pa. Superior Ct. 286; Com. v. John Doe, 79 Pa. Superior Ct. 162; Com. v. Vis, 81 Pa. Superior Ct. 384, or by asking the defendant, if not in violation of the Act of 1911, to impeach the defendant's credibility in the same way that the credibility of any other witness may be impeached: Com. v. Racco, 225 Pa. 113.

It was error to permit the two women to testify as they did, and a new trial must be granted.

It is unnecessary to consider the charge of the court relative to the reputation of the defendant.

And now, Sept. 21, 1926, the defendant's motion for a new trial is granted.

From William R. Toal, Media, Pa.