## Commonwealth v. Shorteno et al.

*Criminal prosecution — Evidence — Previous conviction of crime—Act of March 15, 1911.*

1. Under the Act of March 15, 1911, P. L. 20, it is improper to ask a defendant charged with crime and called as a witness in his own behalf, or require him to answer, a question as to whether he had previously been convicted of another offence, unless (1) he had attempted to prove good character, or (2) he had testified against a co-defendant.

2. Where one of three defendants accused of illegally transporting liquor in an automobile testified on his own behalf, denying all knowledge of the liquor and contradicting the testimony of the other two defendants that he had put the kegs containing liquor in the car, saying they were empty, such testimony, though implicating his co-defendants, does not deprive the first defendant of the protection of the Act of March 15, 1911, under the second exception. This act was not intended to prevent a defendant from denying that he had committed the crime charged, even though such denial implicated his co-defendants.

Indictment and conviction of transporting liquor. Rule for a new trial. Q. S. Lancaster Co., April Sess., 1926, No. 31.

*Charles L. Miller* and *John M. Groff*, for rule.

*Joseph B. Wissler*, District Attorney, contra.

HASSLER, J., Jan. 15, 1927.—The three above-named defendants were charged with, and convicted of, transporting liquor. All were riding in the automobile in which the liquor was being transported, when it was stopped by an officer and the liquor found in it. At the trial, Wilson, who was the owner of the automobile, and Mackle testified that they did not know that the liquor was in the automobile, it having been put there by Shorteno, who asked Wilson to bring two empty kegs to a friend in Mount Joy, through which town they expected to pass. Shorteno denied that he put the liquor

Commonwealth v. Shorteno et al.

in the automobile, and testified that he did not know it was there until the officers stopped them near Elizabethtown and took it out. He denied that he asked permission to put two empty kegs in the automobile to bring to a man in Mount Joy. He also denies that he put them in the car. The jury convicted all of the defendants, and we are now asked by Shorteno to grant him a new trial.

The reason upon which the application is based is that we permitted Shorteno to be asked, on cross-examination, whether he had ever been convicted of the crime of selling or possessing liquor in York County.

Section 1 of the Act of March 15, 1911, P. L. 20, provides: "That hereafter any person charged with any crime and called as a witness in his own behalf shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offence other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation, unless

"1. He shall have at such trial, personally or by his advocate, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or

"2. He shall have testified at such trial against a co-defendant charged with the same offence."

As Shorteno was a defendant and called as a witness in his own behalf, it was not proper to have asked him whether he had ever been charged with or convicted of another offence, or to have compelled him to answer that question, unless he came within one of the two exceptions mentioned in the act; that is, attempted to prove a good character or testified against his co-defendants.

He did not attempt to prove a good character, nor did he testify against his co-defendants. He testified that he did not put the liquor in the automobile and did not know it was there until it was found by the officer. This was not testifying against his co-defendants directly, but it raised an implication of their guilt. We do not think that this brought the defendant within the second exception referred to, as the act permits a defendant to testify in his own behalf without rendering himself liable to be questioned in regard to former convictions.

In Com. v. Pezzner, 78 Pa. Superior Ct. 286, a defendant, who had not attempted to prove a good character nor testify against his co-defendants, was asked, but did not answer, a question as to his former conviction, after he had testified that he had nothing to do with the commission of the offence for which he and his co-defendants were being tried. The Superior Court decided that the asking of this question was in violation of the Act of March 15, 1911, P. L. 20, even though the defendant did not answer it, and reversed the lower court in refusing to grant a new trial. See, also, Com. v. Vardelle, 70 Pa. Superior Ct. 241, and Com. v. Wells, 69 Pa. Superior Ct. 227.

We do not think that the second exception in the Act of 1911, supra, intended to prevent a defendant, in his own defence, from denying that he committed the crime of which he is charged, even though such denial implicated his co-defendants, so as to deprive him of the protection which the act gave him, viz., from being asked or compelled to answer whether he was previously convicted of any crime. It was error, therefore, to have permitted it in this case, and we make absolute the rule for a new trial.

From George Ross Eshleman, Lancaster, Pa.