## DR. W. F. CHAMBERS V. THE STATE.

No. 21533. Delivered April 9, 1941.

474

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*O'Neal Dendy,* District Attorney, of San Angelo, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was charged by indictment with the offense of murder without malice and assessed a penalty of three years in the penitentiary.

It is not necessary in the disposition of this case to detail the facts of the crime. Appellant presents eight bills of exception, all of which will be overruled except the sixth. This bill complains of the action of the prosecuting attorney, over the appellant's objection, in reading to the jury another indictment pending against accused for a similar offense committed within a few days after the time of the one for which he was on trial. The defense had rested his case. The State then asked that appellant be recalled for further cross examination. He objected to being thus placed on the witness stand after the cross-examination had closed, and the court sustained this objection. The prosecution then offered an indictment against him and proceeded to read its contents to the jury, over appellant's objections, and under the court's instruction that they could consider it only for the purpose of determining the defendant's credibility as a witness, if it aided them in doing so.

The reason for the court's refusal to permit the witness to be thus recalled does not appear from the record. Evidently, the State was within its rights in requesting permission to cross examine the appellant to the extent that it may show that another indictment was pending for a felony. The action of the State in reading the indictment is objectionable for the reason

that appellant was charged with the murder of a young lady upon whom the evidence shows that he had performed an unlawful operation. The other indictment read to the jury, as shown in the bill of exception, discloses that he is charged with the same offense and that the death of another woman resulted from the same kind and character of operation three days after the one for which he was being tried. The details of the charge were set out in the indictment and read to the jury, which placed before them not only the fact of his being indicted, but the State's pleading and charge as found in the indictment.

The district attorney insists that he had a right to introduce the indictment and has filed an exhaustive brief on the subject in which he refers to many authorities. It is our conclusion that they are distinguishable from the case now before us because in them the indictments were introduced for the purpose of showing that the accused in each case was charged with another offense of the grade of felony, but it does not appear that the State went into the facts of the crime charged. In some instances the offense charged were misdemeanors, in which cases it appears that it would be permissible to show enough about the charge to inform the jury that moral turpitude was involved. We must not confuse the decisions so as to conclude that the indictment being admissible means that its contents may be read to the jury. If any case appears to so hold, we do not believe the court meant it to go that far. The fact of the indictment for a felony and its pendency against appellant in this case was admissible for the purpose stated by the court, but its contents was not. This question we consider sufficiently well settled so that further discussion will be unnecessary. See Finch v. State, 280 S. W. 597; Branch's Ann. Penal Code, Sec. 167, and authorities there cited.

We have considered the complaints raised by appellants in the several bills of exception and each of the others are overruled without discussion, other than that it may be suggested that the bill of exception Number seven, relating to the argument of counsel, is very questionable and should not be indulged on another trial of the case.

The judgment of the trial court is reversed and the cause remanded.