Commonwealth *v.* Albright, Appellant.

Submitted September 12, 1973. Before Wright, P. J., Watkins, Jacobs, Hoffman, Cercone, and Spaeth, JJ. (Spaulding, J., absent.)

*Philip M. Cullen* and *Richard C. Shay,* Assistant Public Defenders, for appellant.

*Robert A. Longo* and *Andrew F. Lucarelli,* Assistant District Attorneys, for Commonwealth, appellee.

Opinion Per Curiam, December 11, 1973:

The six judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

---

Opinion by Hoffman, J., In Support of Reversal:

This is an appeal from the judgment of sentence following appellant's conviction by a Lancaster County jury for being an accessory before the fact in an armed robbery.[1]

The principal in the crime, John Price Getz, testified that he committed the robbery only after being "forced" to do so by threats of personal harm made to him by the appellant, whom he feared. He testified further that appellant planned the robbery and provided him with the means to commit the crime. Appellant

---

[1] The trial judge directed a verdict of not guilty on a charge of being an accessory after the fact.

took the stand in his own defense and directly contradicted Getz.

Appellant contends that he was prejudiced by the trial judge's allowing Getz to testify, over the objection of defense counsel, that appellant and he had been involved in a previous robbery. A review of the record shows that Getz did say that appellant had been "in on" a previous burglary in which he, Getz, was involved. This testimony came, however, in response to a question posed by defense counsel on Getz' cross-examination. Since defense counsel opened the door for this testimony, appellant cannot now complain of prejudice from the subsequent redirect examination as to the prior crime involving the two men.[2]

Appellant also contends that he was prejudiced by the district attorney's introduction of a prior conviction in his cross-examination of appellant. During direct examination, appellant, after having denied his role as an accessory, was asked why the principal, Getz, might have implicated him in the crime. Appellant related the following: "The man asked me if he ever did something against me that I didn't like, would I strike him. You know, would I beat him up and I said no, John, I wouldn't, why would I hit you? He asked me why, violence, striking a person, you gain more animosity that way I said by striking a person, you have to protect nature."

Pursuing this line of questioning, the prosecutor, on cross-examination, asked appellant, "Isn't it a fact on August 17th, 1971, you struck Officer John Sultzbach of the Manheim Township Police Department?" An objection by defense counsel to this question was overruled on the grounds that appellant had testified to

---

[2] Appellant contends that the trial judge erred in failing to instruct the jury to consider Getz' prior offenses in the determination of his credibility. No such point for charge was requested by defense counsel, and appellant is precluded from raising it here.

being non-violent, a characteristic which the Commonwealth could properly rebut. Appellant conceded that there had been an incident with the officer, but insisted that he had never struck the officer, and that he had only pleaded guilty to a charge of resisting arrest. He repeated his denial of violence on redirect examination.

We note at the outset that if the sole purpose of the introduction of this prior offense had been to impeach the credibility of appellant as a witness, it would have been impermissible cross-examination. Such cross-examination is limited to the introduction of crimes showing a propensity for dishonesty or false statement. *Commonwealth v. Katchmer,* 453 Pa. 461, 309 A. 2d 591 (1973); *Commonwealth v. Bighum,* 452 Pa. 554, 307 A. 2d 255 (1973). The crime of resisting arrest, even if violent, would not be included in this category. Here, however, the prior offense was introduced for the more specific purpose of rebutting appellant's showing of good character. Where the defendant takes the stand in his own defense and attempts to affirmatively establish his own good character, the Commonwealth may then introduce prior convictions to rebut this prior character testimony. *Commonwealth v. Wells,* 69 Pa. Superior Ct. 227 (1918); 1 Wigmore, Evidence §58 (Chadbourn rev. 1970). Indeed, the statute governing such cross-examination clearly provides for an exception to its general prohibition against the use of prior offenses in cross-examination of defendants in criminal proceedings.[3]

---

[3] "Hereafter any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation; unless,

510

What the Commonwealth did in this instance, however, went beyond the permissible scope of such cross-examination. The prior offense introduced by the prosecution, to which appellant had pleaded guilty, was resisting arrest. A plea of guilty to this charge does not necessarily include an admission of violence. While the district attorney could properly have interrogated appellant as to this conviction to rebut good character testimony, it was improper for him to go beyond the name or title of that crime and to embellish the underlying circumstances. This limitation is particularly important where reference is made to an alleged act so susceptible to having an inflammatory effect on the jury as the striking of a police officer. Keeping in mind the fact that the history of prior offenses is offered only in rebuttal to a showing of good character and not as evidence of a defendant's guilt of the crime for which he is being tried, such cross-examination should be limited to the name, time and place, and punishment received in the prior offense, in order to minimize the potential prejudice and distraction of issues already inherent in the mention of prior offenses. See *Finch v. State,* 103 Tex. Cr. 212, 280 S.W. 597 (1926) ; *Powers v. State,* 156 Miss. 316, 126 So. 12 (1930). Allowing greater leeway to the prosecution in such cross-examination is an open invitation to fill the courtroom with sensational, aggravating circumstances which are immaterial to a present determination of guilt.

It is true that in the instant case appellant, on cross-examination and again later on lengthy redirect exam-

"One. He shall have at such trial, personally or by his advocate, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation ; or,

"Two. He shall have testified at such trial against a co-defendant, charged with the same offense." Act of March 15, 1911, P. L. 20, §1, 19 P.S. §711.

ination, denied having struck the police officer in the resisting arrest case. We cannot say, however, in a case where guilt rested on the resolution of conflicting testimony, that this denial vitiated the original potential for prejudice which arose from the initial reference to an act of violence to a police officer, of which appellant was never specifically convicted. Indeed, the continued and protracted mention of and exploration of the prior offense may actually have heightened the potential inflammatory effect in the minds of the jurors.

The judgment of sentence should be reversed and a new trial ordered.

WATKINS and SPAETH, JJ., join in this opinion in support of reversal.