378 A.2d 471

**COMMONWEALTH of Pennsylvania**

v.

**Robert JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided Oct. 6, 1977.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

At approximately 10:45 p. m. on November 6, 1974, a robbery occurred at the Melody Bar in Philadelphia. Several minutes later, the appellant was arrested while inside the bar, and a complaint, charging him with robbery, aggravated assault, and other related offenses, was filed.[1] Trial began on July 7, 1975, or 243 days after the filing of the complaint,[2] and the appellant was subsequently convicted of various offenses by a jury. Post-verdict motions were denied and sentences were imposed. The appellant now questions the propriety of his convictions, raising several allegations of error. For the reasons stated herein, we reverse the judgments of sentence and remand the case to the lower court for a new trial.

1. The appellant claims, *inter alia*, that he was not tried within 180 days from the date the criminal complaint was filed against him as required by Pa.R.Crim.P. 1100. Although we are able to decide the merits of appellant's claim, we are unable to discern from the record exactly when the instant complaint was filed. The complaint itself is undated. Normally, however, where a warrantless arrest is made, as here, the complaint is presented to the court after the arrest at the preliminary hearing. Pa.R.Crim.P. 130; *see Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). The appellant was preliminarily arraigned on November 7, 1974. Thus, presumably, the instant complaint would have been filed on November 7, 1974. Both parties, however, at the hearing on appellant's petition to dismiss, agreed that the mandatory period commenced on November 6, the date of the arrest. No matter which date we use, however, our determination of the issue is unchanged. We need not decide therefore if the prescribed period of Rule 1100 commenced at the time of arrest or at the presentation of the complaint to the court at the preliminary arraignment.

2. See fn. 1, *supra*.

The appellant's first assignment of error is that the lower court improperly denied his petition to dismiss the charges against him for violation of his Pa.R.Crim.P. 1100 right to a speedy trial. Pa.R.Crim.P. 1100(a)(2) mandates that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." In the instant case, the mandatory period expired on May 5, 1975. On June 19, 1975, forty-five days after the expiration of the mandatory period, the lower court denied the appellant's application to dismiss the charges, ruling that the mandatory period would not expire until June 30, 1975, on the basis of periods of delay excludable under Pa.R.Crim.P. 1100(d)[3] from the computation of the mandatory period. The record amply demonstrates the propriety of the lower court's holding.

It has become axiomatic that all periods of delay beyond the mandatory period " '. . . must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)[4]] if the Commonwealth is to prevail.' " *Commonwealth v. Shelton*, 469 Pa. 8, 13, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea*, 465 Pa. 491, 495, 350 A.2d 872, 874 (1976). The record shows that the case was continued from November 12, 1974, until December 17, 1974, because the appel-

**3.** Pa.R.Crim.P. 1100(d) provides that: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney; (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

**4.** Pa.R.Crim.P. 1100(c) provides in pertinent part that: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

lant's counsel was unavailable for trial. This entire period of delay, totalling thirty-five days, is excludable under Pa.R. Crim.P. 1100(d)(1) from the computation of the period. *Commonwealth v. Reese*, 237 Pa.Super. 326, 352 A.2d 143 (1975); *see also Commonwealth v. Shelton, supra.*[5] The case was further delayed from December 17, 1974, until December 24, 1974, because the appellant failed to appear for trial. The lower court excluded this period of time on the basis of Pa.R.Crim.P. 1100(d)(1).[6] The appellant, however, avers that he was not unavailable for trial because he was at that time incarcerated in the Philadelphia County Prison. If the appellant's allegation is true, and we cannot determine from the record whether it is, then it is possible that he could not properly be classified as unavailable. *See Commonwealth v. Woodson*, 248 Pa.Super. 545, 375 A.2d 375 (1977). We need not, however, inquire further into the validity of the appellant's averment since neither the exclusion nor the inclusion of this seven day period will affect our determination of the appellant's Rule 1100 claim. The record shows that the case was again continued on April 10, 1975, in order for the appellant to retain private counsel.[7] Most importantly, however, the record also reveals that the appellant agreed at this time to waive[8] his rights under Rule 1100 until the case was next listed for trial, which was May 15, 1975. There is no

5. In calculating that fifty-five days were to be excluded, the court below mistakenly ruled that only five days of the thirty-five day period of delay from November 12, until December 17, were to be excluded from the computation of the period.

6. The lower court further excluded a seven day period from April 3, 1975, until April 10, 1975. We do not rule upon the propriety of this exclusion because we are unable to ascertain from the record the exact cause of the delay. The record cryptically reflects only that the "P.D. [Public Defender] to remain in the case. Must be tried by defense. Comm. [Commonwealth] ready." Fortunately, however, an explanation for this delay is not necessary for a determination of the merits of appellant's speedy trial claim.

7. The record further reveals that the appellant's present counsel, a Philadelphia Public Defender was to remain in the case.

8. The appellant does not question the voluntariness of the waiver, conceding that a valid waiver was effectuated.

doubt that an accused may waive his right to speedy trial under Rule 1100. *Commonwealth v. Bunch*, 466 Pa. 22, 351 A.2d 284 (1976). Thus, the thirty-five day period between April 10 and May 15 is excludable from the computation of the period. Without further investigation, the record demonstrates that *at least* seventy days must be excluded from the computation of the period. The lower court was thus correct in denying the appellant's petition to dismiss on the basis that the prescribed period had not expired.

Unfortunately, our review of appellant's Rule 1100 claim is not finished. As previously stated, trial did not commence until July 7, 1975, or sixty-three days after the expiration of the mandatory period. Prior to trial, the appellant again asserted that his right to a speedy trial under Rule 1100 had been violated because trial did not commence within the fifty-five day period which the lower court had held to be excludable from the computation of the prescribed period. As we have previously explained, the record demonstrates that *at least* seventy days can be excluded from the computation of the mandatory period in the instant case. The Commonwealth thus had until July 21, 1975, to bring the appellant to trial. Since the appellant's trial commenced within this period, we find that the appellant's right to a speedy trial was not violated.

The appellant next contends that the lower court improperly allowed the Commonwealth to attack appellant's credibility by introducing evidence of appellant's prior conviction of aggravated robbery. We find no merit in this contention.

In this Commonwealth "[i]t is a general rule that a distinct crime, unconnected with that laid in the indictment, cannot be given in evidence against the prisoner." *Shaffner v. Commonwealth*, 72 Pa. 60, 65 (1872); *Commonwealth v. Boulden*, 179 Pa.Super. 328, 116 A.2d 867 (1955). The reason for this exclusionary rule was stated by this court in *Commonwealth v. Boulden, supra*, as follows: " 'The natural and inevitable tendency of the tribunal whether judge or jury is to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the

present charge, or to take the proof of it as justifying a condemnation irrespective of guilt of the present charge.' " *Id.* 179 Pa. at 333, 116 A.2d at 869–70, *quoting* 1 *Wigmore, Evidence*, § 194 (3d ed. 1940). There are many exceptions to this rule, however, one of which is that a prior conviction may be introduced for the purpose of impeaching a defendant's credibility.[9] *Commonwealth v. Katchmer*, 453 Pa. 461, 309 A.2d 591 (1973); *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973). Of course, the defendant must testify in his own behalf before these convictions may be introduced. "Where a defendant in a criminal case takes the witness stand in his own defense he occupies the same status as any other witness and his credibility is in issue." *Commonwealth v. Scoleri*, 432 Pa. 571, 579, 248 A.2d 295, 299 (1968). In *Commonwealth v. Butler*, 405 Pa. 36, 47, 173 A.2d 468, 474 (1971), the Pennsylvania Supreme Court further explained that: "This rule of evidence is founded on common sense and logic. If a defendant offers himself as a person worthy of belief, the jury has the right to know what kind of man he is—to aid in assessing his credibility. His previous record is admissible for this purpose just the same as testimony of prior reputation for veracity is evidence for the jury's consideration."

Although the Commonwealth may therefore introduce evidence of prior convictions in order to impeach the credibility of a testifying defendant, the Pennsylvania Supreme Court has ruled that this right is not absolute. In *Commonwealth v. Katchmer, supra*, 453 Pa. at 464, 309 A.2d at 593, the court stated that ". . . in order to prevent smearing rather than merely discrediting of the witness,

---

9. "Prior convictions can be admitted in evidence to show intent, scienter, motive, identity, plan, or the accused to be one of an organization banded together to commit crimes of the sort charged, or that such prior conviction or criminal act formed a part of a chain, or was one of a sequence of acts, or became part of the history of the event on trial, or was part of the natural development of the facts; also to prove the mental condition when the defense was insanity, or to rebut the inference of mistake, or to show a guilty knowledge." *Commonwealth v. Williams*, 307 Pa. 134, 148, 160 A. 602, 606, 607 (1932).

such impeachment should be limited to crimes involving dishonesty or false statement." *See Commonwealth v. Bighum, supra.* Moreover, the court in *Commonwealth v. Bighum, supra,* permitted the trial court to exercise its discretion in determining whether or not to admit prior convictions to attack credibility. In exercising its discretion, the lower court should consider: ". . . the age and nature of the prior crimes; the length of the criminal record; the age and circumstances of the defendant; the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction." *Commonwealth v. Bighum, supra,* 452 Pa. at 567, 307 A.2d at 263.

██ In the instant case the Commonwealth sought to impeach the appellant's credibility by introducing into the record evidence of appellant's 1970 conviction for aggravated robbery. Before allowing evidence of the appellant's prior conviction to be introduced, the court below conducted an *in camera* hearing in order to inquire into the factors recited by the court in *Bighum* as relevant to such a decision. The lower court subsequently ruled that the record of the prior conviction could be introduced solely to impeach the appellant's testimony. The appellant's counsel then stipulated with the prosecutor that the jury would be informed that the appellant had previously been convicted of aggravated robbery. It was further agreed that even though the members of the jury would be told the date of the robbery and the date of the conviction, they would not be told that the appellant had been convicted under an alias. We cannot find that the trial court abused its discretion in allowing evidence of the prior conviction to be introduced. The appellant's prior conviction was not remote in time from the trial below. Moreover, aggravated robbery is certainly ". . . a crime involving serious moral turpitude . . . [and] indicates a propensity for dishonesty on the defendant's part. As such it would be highly relevant in determining the truth of what the defendant had to say." *Commonwealth v. Campbell,* 244 Pa.Super. 505, 509, 368 A.2d 1299, 1301 (1976).

■ Although we do not find that the admission into evidence of the prior conviction was intrinsically objectionable, we do find reversible error in the manner in which such evidence was presented to the jury. The record shows that the trial court addressed the jury as follows:

THE COURT: "Ladies and gentlemen, it has been stipulated, agreed, between the attorney, Mr. Turnoff representing the District Attorney's Office and the Commonwealth of Pennsylvania, and Mr. Snee representing the defendant, and the defendant himself having agreed to the following.

That the defendant was charged with the crime of aggravated robbery, and the scene of that aggravated robbery was thirty-five hundred Smedley Street, in the City of Philadelphia, and that charge was contained in a Bill of Indictment No. 251, August Term, 1970; he was charged with aggravated robbery and the aggravated robbery was alleged to have occurred on June 16, 1970, and he was charged with being armed with an offensive weapon and instrument, and did feloniously assault one, Maurice Lawley with intent to rob him, all of which is against the peace and dignity of the Commonwealth.

Second count. That on the same day and year in Philadelphia County, Anthony Young, being armed with an offensive weapon and instrument, did feloniously rob one, Maurice Lawley of a money changer and United States currency having a value of $38, all of which is against the peace and dignity of the Commonwealth of Pennsylvania.

Third count, he's charged that on the same day and year in Philadelphia County, together with other persons, did feloniously assault the said Maurice Lawley with intent to rob him, all of which is against the peace of the Commonwealth of Pennsylvania. That on the same day and year in Philadelphia County—" (NT 252-54)

After denying defense counsel's motion for a mistrial, the court below further stated:

"THE COURT: I think I was at the fourth count. That he did together with other persons feloniously rob the said Maurice Lawley of a money changer and United States currency having a value of $38.

He was charged with that, and he pleaded guilty to that on December 7, 1971."

Evidence of the appellant's prior conviction was presented to the jury for the sole purpose of impeaching the appellant's credibility; it was not for the purpose of establishing the appellant's guilt of the crime for which he was being tried. By informing the jury of more than the basic fact of conviction, we believe that the lower court increased " '[t]he natural and inevitable tendency of the tribunal . . . to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take the proof of it as justifying a condemnation irrespective of guilt of the present charge.' " *Commonwealth v. Boulden, supra*, 179 Pa.Super. at 333, 116 A.2d at 869–70, *quoting* 1 *Wigmore, Evidence*, § 194 (3d ed. 1940). We therefore hold that evidence of a prior conviction, if introduced solely to impeach a defendant's credibility, should ". . . be limited to the name, time and place and punishment received in the prior offense, in order to minimize the potential prejudice and distraction of issues already inherent in the mention of prior offenses." *Commonwealth v. Albright*, 226 Pa.Super. 506, 510, 313 A.2d 284, 286 (1973) (opinion in support of reversal).[10] Here, the jury was not only informed, of the details of the prior crime, including the name of the victim and the amount stolen, but also that the appellant had been convicted under an alias. The judgment of sentence is therefore reversed and a new trial is ordered.

WATKINS, President Judge, dissents.

10. Of course, testimony beyond the mere presentation of the record might sometimes be required if it is necessary to determine whether the person convicted of the prior offense is the same as the present defendant. *Commonwealth v. Connolly*, 217 Pa.Super. 201, 269 A.2d 390 (1970).