385 A.2d 414

**COMMONWEALTH of Pennsylvania**

v.

**George E. JONES, Appellant.**

Superior Court of Pennsylvania.

Argued September 15, 1976.

Decided April 13, 1978.

430

Thomas J. McGrath, Philadelphia, with him George Gershenfeld, Philadelphia, for appellant.

No appearance entered nor brief submitted for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant contends[1] that he was denied his right to a speedy trial under Pa.R.Crim.P. 1100(a)(1).[2] We are constrained to agree with this contention and therefore reverse the judgment of sentence and discharge appellant.

1. Since we find that appellant is entitled to be discharged, we need not review the merits of appellant's other allegations of error.

2. Pa.R.Crim.P. 1100(a)(1) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

A criminal complaint, charging various offenses, was lodged against appellant on January 5, 1974.[3] The Commonwealth was therefore required under Rule 1100 to bring appellant to trial by October 2, 1974. On August 29, 1975, appellant, asserting that trial did not commence within the prescribed period, applied to the court below for an order dismissing the charges against him. The lower court denied this petition, and trial commenced on September 16, 1975, 619 days after the filing of the complaint.

All periods of delay beyond the prescribed period " ' . . . must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail.' " *Commonwealth v. Shelton*, 469 Pa. 8, 14, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea*, 465 Pa. 491, 496, 350 A.2d 872, 874 (1976). The Commonwealth did not file a petition to extend in the instant case. See Pa.R.Crim.P. 1100(c). In denying appellant's petition to dismiss, the court below concluded that all periods of delay beyond the mandatory period were excludable under Pa.R.Crim.P. 1100(d) from the computation of the period. We disagree with the conclusion of the court below.

Pa.R.Crim.P. 1100(d) provides that periods of delay may be excluded from the computation of the mandatory period only if such periods of delay are caused by: "(1) the unavailability of the defendant or his attorney; (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded." The record shows that the case was continued from January 10, 1974, until February 19, 1974, at the request of defense counsel who had a conflicting court schedule. Forty days are thus excluded under Rule 1100(d)(1). The case was next

---

3. Although appellant was arrested on January 3, 1974, two days prior to the filing of the criminal complaint, he does not argue that the mandatory period under Rule 1100 commenced at the time of arrest rather than at the time of the filing of the complaint. We are therefore precluded from deciding this issue.

delayed from February 19, 1974, until July 23, 1974, because appellant had escaped from custody. Since appellant was returned to custody and therefore available for trial on July 5, 1974, the 136 day period from February 19 until July 5 is therefore excluded under Rule 1100(d)(1).[4] *See Commonwealth v. Richbourg,* 246 Pa.Super. 300, 369 A.2d 1331 (1977); *Commonwealth v. Jones,* 250 Pa.Super. 98, 378 A.2d 471 (1976). The case was further delayed from December 13, 1974, until December 18, 1974, because appellant's counsel was otherwise engaged. This five day period is excludable under Rule 1100(d)(1). On December 18, 1974, appellant again failed to appear in court and a bench warrant was issued. The record shows that appellant was in custody and the bench warrant withdrawn on April 17, 1975. The 120 day period from December 18 until April 17 is therefore excludable under Rule 1100(d)(1).[5] The period of delay excludable under Rule 1100 totals 301 days.[6] As previously stated, appellant filed his petition to dismiss on August 29, 1975, 601 days after the filing of the complaint. By subtracting the total period of delay attributable to appellant from the 601 day period, we find that 300 days had expired when appellant filed his petition to dismiss. We therefore reverse the judgment of sentence and discharge appellant.

4. In its computation of the mandatory period, the lower court incorrectly excluded a period of "194 days" from December 18, 1974, [sic] until July 23, 1974.

5. Appellant contends that he was returned to custody on April 11, 1975. We can find no evidence in the record to support this claim.

6. The lower court, in its opinion before this court, also excluded a seven day period from September 20, 1974, until September 27, 1974, and a four day period from October 11, 1974, until October 15, 1974, on the basis that these delays were at defense request. Even if we were to assume, *arguendo,* despite indications in the record to the contrary, that appellant's counsel did request these continuances, we would not be able to exclude either of these periods under Rule 1100(d). The record clearly shows that neither appellant nor his counsel were unavailable for trial during these periods. Rule 1100(d)(1) is therefore inapplicable. Furthermore, since each continuance was for a period of less than thirty days, no period of time can be excluded under Rule 1100(d)(2).

VAN der VOORT, J., files a dissenting opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

VAN der VOORT, Judge, dissenting:

I respectfully dissent to the Opinion in this case by the Majority of our Court for the following reasons. After the defendant was arrested he escaped. He was located and reapprehended and a hearing date set. He failed to appear at the hearing. He now complains that he should be discharged because he was not given a prompt trial. After the defendant's having first escaped, and then failing to appear, we are about to reward him with the vacating of his conviction and completely discharging him.

I believe that the conduct of the defendant clearly amounts to a waiver of his right to a speedy trial and I would therefore affirm his conviction, obtained by the Commonwealth in the lower court.