Commonwealth *v.* Gasiorowski, Appellant.

Submitted June 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*John W. Packel* and *Jonathan Miller*, Assistant Defenders, and *Vincent J. Ziccardi*, Defender, for appellant.

*Edmond H. Heisler, James T. Ranney* and *Milton M. Stein*, Assistant District Attorneys, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

Appellant requests a new trial arguing that the lower court erred in denying him a continuance due to the failure of the complaining witness to appear at trial.

Appellant was arrested by a police officer after the officer observed appellant "physically kicking the male he was standing over [the complaining witness] and punching him in his face." The trial was scheduled four times and continued at the request of the district

attorney because of the absence of the victim. After the fourth continuance, the lower court ordered that the trial be held on the fifth date with or without the complaining witness.

The district attorney had informed defense counsel that the Commonwealth was issuing a subpoena for the victim. Defendant, therefore, made no attempt to subpoena this witness himself. On April 3, 1973, the district attorney reported that he had failed to serve the victim with a subpoena but despite the man's absence the Commonwealth was ready to proceed with its case. It is to be noted that the district attorney knew of the victim's whereabouts on April 2 and that the man was in the city on that date. The trial began over the objection of defense counsel, who requested a continuance and argued that the victim's testimony was vital to the defense's case. Defendant was found guilty of aggravated assault and battery and was sentenced to a term of eleven and one-half to twenty-three months.

It is not the obligation of the prosecutor in a criminal case to call all the material witnesses to the case, *Commonwealth v. Carter*, 427 Pa. 53, 233 A. 2d 284 (1967), nor even to call the victim, *Commonwealth v. Sarkis*, 164 Pa. Superior Ct. 194, 63 A. 2d 360 (1949). However, in the present case, the district attorney led defendant to think that the victim would be present in court for the trial. Furthermore, the prosecutor gave defendant every reason to believe that the Commonwealth would not proceed with its case without the victim. The four prior requests by the Commonwealth for continuances were indicative of the district attorney's sincerity in desiring the victim's presence. When the district attorney changed his mind and decided to proceed without the victim, the defendant, who had properly relied on the district attorney to subpoena the witness, was unfairly and prejudicially denied the opportunity to try and call the victim himself.

Where the offense charge is aggravated assault and battery, the circumstances which preceded the first blow are material in the determination of the defendant's guilt or innocence. Since the victim was the sole eyewitness to the beginning of the fight, defendant should have been given the right to call him to testify and develop a defense, if one existed. It was not incumbent upon defendant to make any offer of proof to the court concerning the essentiality of this witness to the defense. Nor was it necessary for defendant to demonstrate to the court that this witness' testimony would be favorable.

It is within the discretion of the trial judge to grant continuances in the absence of material witnesses. See *Commonwealth v. Smith*, 442 Pa. 265, 275 A. 2d 98 (1971). However, the able judge of the lower court, in his understandable desire to expedite the court's business and render a decision in this overly drawn-out case, erred in refusing defendant a continuance due to the victim's absence from court.

Judgment of sentence is vacated and the case remanded for a new trial.

WATKINS and JACOBS, JJ., dissent.