Commonwealth *v.* Johnson, Appellant.

Submitted June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard E. Johnson,* for appellant.

*William A. Richardson, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 22, 1975:

At approximately 10:00 P.M. on May 3, 1974, Mrs. Agnes Davis was returning from church when she was punched, knocked down and robbed of her purse which contained sixty dollars. Simultaneously, a private citizen reported the crime in progress to the police who were nearby. When the officers arrived at the scene, a gentleman was helping Mrs. Davis to her feet. Upon seeing the police this bystander pointed to appellant, Johnson, who was some forty yards up the street and said: "There he goes. He did it." When the police ordered Johnson to halt, he began to flee, discarding things from his pockets until he was finally overtaken and arrested. Upon searching Johnson the police found a black change purse which belonged to Mrs. Davis. After a trial without jury appellant was found guilty of theft from a person and simple assault. The instant appeal ensued.

Appellant's first contention is that there was an irreparably tainted confrontation with the victim at the police station after his arrest. However, at trial, concerning her identification of appellant, Mrs. Davis' testimony was as follows:

"Q. I am asking you, do you remember this man from the incident that took place on the street?

A. Yes, I do.

*By the Court*:

Q. Miss Davis, how do you know this is the man?

A. He is the man, because he come in with a light raincoat. When I looked up at him, he struck me in the face.

Q. Did you see his face?

A. Yes, I seen his face.

Q. Are you identifying him today because you remember his face?

A. Yes.

Q. Are you identifying him because you remember his face as you saw it on May 3?

A. Yes."

Although Mrs. Davis had no recollection of confronting Johnson at the scene of the crime after his arrest, both the arresting officer and appellant testified that such a permissible confrontation took place. *Commonwealth v. Turner*, 454 Pa. 520 (1974). Based upon this testimony, the court found that Mrs. Davis' identification of Johnson was not unconstitutionally tainted by her confrontation with him at the police station. We find no error in that conclusion.

Appellant's second allegation of error, that the Commonwealth was required to produce the eye-witness who aided Mrs. Davis, is also without merit. The appellant's Sixth Amendment right to confront his accusers was not denied when the Commonwealth did not call a witness whose identity and address was known to the accused. *Commonwealth v. Jones*, 452 Pa. 569 (1973). As our Supreme Court stated in *Commonwealth v. Gray*, 441 Pa. 91, 99-100 (1970): "Pennsylvania decisions have long recognized that in criminal trials the prosecution is not absolutely bound to call to the stand all available and material eyewitnesses. . . . On the other hand, a number of decisions clearly indicate that when the Commonwealth does not call to the stand such an eyewitness, it must apprise the defense of the witness's name and whereabouts at trial, unless the defense is able or should have been able to procure the witness unaided." Since the defendant was so apprised, the Commonwealth was not required to call the eye-witness at the trial.

Finally, there was sufficient evidence of probable cause and exigent circumstances to justify appellant's warrantless arrest. The facts available to the police at the time were sufficient to warrant a man of reasonable caution to believe that a felony had been committed and that Johnson was the perpetrator. *McCray v. Illinois*, 386 U.S. 300 (1966). It was not merely Johnson's flight when ordered to halt which created probable cause, but the accusing finger and words of the eye-witness, coupled

102

with Johnson's emptying his pockets while in flight, which supported the arrest. *Brinegar v. United States*, 388 U.S. 160 (1949). Hence, *Commonwealth v. Pegram*, 450 Pa. 590 (1973), which held that flight alone does not constitute probable cause, is inapposite.

Judgment of sentence affirmed.