369 A.2d 741

COMMONWEALTH of Pennsylvania

v.

**Frank Leroy MASTRIANIA, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Nov. 22, 1976.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster for appellant.

Charles A. Achey, Jr., Assistant District Attorney, and D. Richard Eckman, District Attorney, Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The Appellant, Frank Leroy Mastriania, appeals following his conviction after trial by jury, of charges of driving a motor vehicle while under the influence of intoxicating liquor. See the Act of April 29, 1959, P.L. 58, § 1037, 75 P.S. § 1037. The Appellant's sole claim on appeal is that the arresting officer lacked probable cause to arrest the Appellant. We find the Appellant's claim totally devoid of merit.

The record shows that an officer of the Lancaster City Police answered a summons to the scene of an automobile accident. Upon approaching the place where the accident had been reported, the officer observed an automobile driven by the Appellant leaving the area at a high

rate of speed. A group of pedestrians shouted to the officer that the speeding car was one of those involved in the accident. The officer, having not lost sight of the vehicle, pursued it in his own vehicle. It is not necessary to detail the total sequence of events viewed by the officer in the subsequent chase, but it will suffice to note that the Appellant operated his automobile in a reckless and careless manner, drove it at an excessive rate of speed, and ignored the pursuing officer's flashing red signal and siren for several blocks and through several turns prior to being forced to a stop. When it finally came to rest, the officer observed steam coming from the car's radiator. When stopped, the defendant was observed to have bloodshot eyes, grease or dirt covering his entire upper body, and a strong odor of alcohol permeating his presence. The Appellant had difficulty finding his operator's card and he stumbled about and found it necessary to hold himself up by leaning against a utility pole. Moreover, his speech was slow and slurred and in other ways indicative of intoxication.

Despite the above-described evidence, the Appellant contends that the arresting officer lacked probable cause to make the arrest. He contends that the arresting officer had no probable cause to arrest him without a warrant because he initially attempted to stop the vehicle for leaving the scene of an accident, a misdemeanor under the Act of April 29, 1959, P.L. 58, § 1027, 75 P.S. § 1027. The Appellant reasons that the officer, lacking a warrant, could not pursue him and arrest him having not seen the accident. Since the offense of leaving the scene of an accident is a misdemeanor, he relies upon *Commonwealth v. Jacoby*, 226 Pa.Super. 19, 311 A.2d 666 (1973). Of course, the Appellant's contentions are clearly spurious and that case is completely inapposite.

■ ■ Initially, we must note that the officer *did view* the Appellant *in flight* from the scene of a reported accident. This was at least enough, coupled with the re-

ports of the pedestrians at the scene, to give the officer clear justification for investigating and even stopping the Appellant. See *Commonwealth v. Reeves,* 223 Pa.Super. 51, 297 A.2d 142 (1972). Moreover, the officer testified that he believed that the Appellant was driving in a careless, reckless and dangerous manner and felt compelled to pursue him on that basis alone. When the Appellant's driving conduct clearly depicted an intent to flee from the officer as well as a hazardous and erratic driving pattern, there can be no question but that the officer was justified in stopping the Appellant; the Appellant's condition, subsequent to the stop, clearly gave the officer probable grounds to then arrest him. See *Commonwealth v. Johnson,* 236 Pa.Super. 98, 344 A.2d 646 (1975); *Commonwealth v. Kloch,* 230 Pa.Super. 563, 327 A.2d 375 (1974); *Commonwealth v. Reeves, supra.*

We find that probable cause for Appellant's arrest clearly existed and reject the Appellant's contentions to the contrary.

Affirmed.