375 A.2d 375

**COMMONWEALTH of Pennsylvania**

v.

**Gerald WOODSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 16, 1975.

Decided June 29, 1977.

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Milton O. Moss, District Attorney, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge:

The complaint in the instant case was filed on May 23, 1974. The Commonwealth was therefore required by Pa.R. Crim.P. 1100(a)(1)[1] to bring the appellant to trial within 270 days. Trial, however, commenced on April 29, 1975, well after the expiration of the mandatory period. The appellant thus contends that his right to a speedy trial under Rule 1100 was violated. We agree with this contention.

On February 3, 1975, the lower court granted the Commonwealth an extension of time predicated upon the Commonwealth's assertion that the appellant was "at large" and therefore unavailable for trial.[2] The lower court found

1. Pa.R.Crim.P. 1100(a)(1) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

2. The lower court issued the following order:
"AND NOW, this 3d day of February, 1975, the District Attorney, having filed a timely Petition for Extension of Time for Commencing

that the appellant could not be brought to trial within the prescribed period despite the due diligence of the Commonwealth. On March 21, 1975, however, the lower court rescinded its order due to the Commonwealth's admission that the appellant was not a fugitive, but was in fact incarcerated in the Montgomery County Prison, where he had been since August 27, 1974. Thus, the record clearly shows that the Commonwealth did not proceed with due diligence in bringing the appellant to trial and was not therefore entitled to an extension of time for trial. See Pa.R.Crim.P. 1100(c).[3]

■■■ The Commonwealth contends that the delay in the instant case was attributable solely to the judiciary since the case could not be reached because of an overloaded court docket. Even though the Commonwealth may be granted an extension of time for trial because of judicial delay, e. g., *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the Commonwealth must still demonstrate that trial could not be commenced within the prescribed period despite its due diligence. Pa.R.Crim.P. 1100(c). Here, the record conclusively establishes that internal disarray, irrespective of available courtroom space, prevented the Commonwealth from bringing the appellant to trial. Once we conclude from the record that the Commonwealth has not acted diligently, then we must dismiss the Commonwealth's petition to extend as invalid.

Trial pursuant to Pa.R.Crim.P. 1100(e) [sic] and it further appearing that the defendant remains at large and that a Bench Warrant was issued for his arrest on the 12th day of August, 1974, which has prevented trial from having commenced within the prescribed period despite due diligence by the Commonwealth, the prayer of the Commonwealth's Petition is granted and trial is to be held no later than One Hundred-Twenty (120) days from the date the defendant is apprehended on the Bench Warrant."

3. Pa.R.Crim.P. 1100(c) provides, in pertinent part, that:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

548

The judgment of sentence is reversed, and the appellant is discharged.

VAN der VOORT, J., files a dissenting opinion.

, VAN der VOORT, Judge, dissenting.

I respectfully dissent from the action of the Majority of our Court reversing the conviction of appellant for aggravated and simple assault on the basis that trial did not commence within 270 days as required by Pa.R.Crim.P. 1100.

The Complaint was filed on May 23, 1974, hence trial was required to be held thereafter within 270 days. After indictments were returned on August 12th, the appellant could not be found. A bench warrant was issued and appellant was apprehended on August 27th. Appellant being unavailable for 15 days—the time for holding the trial was automatically extended to March 4, 1975. On February 3, 1975, well in advance of the expiration of the time within trial was required° the Commonwealth filed its Petition for an Extension of Time. The Petition alleged that the case had been listed for trial on November 15, 1974, but had been continued until December 6, 1974, because the Court was unable to reach it and that on December 6th the case had been passed to the next available list. The Petition also asserted that on November 15th and December 6th it had been prepared to try the case. The Petition by the Commonwealth for Extension of Time was heard on April 4, 1975 and the Court extended the time for the commencement of trial until April 30, 1975. Trial was actually commenced on April 29, 1975.

The Majority of our Court seems determined to interpret Rule 1100 and the cases of our Supreme Court interpreting that Rule in such a way as to make the Rule unworkable. Our Supreme Court cases interpreting Rule 1100 are *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976) and *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). The Majority would accomplish its end by requiring that the Commonwealth and the trial courts be governed by

the Rules propounded in *Shelton* and *Mayfield*, which did not exist at the time that the Commonwealth or the court acted in this case. Proceeding in this manner is in effect applying the decisions of *Shelton* and *Mayfield* retroactively when it seems to me obvious that the Supreme Court intended that they be applied prospectively and ignoring the practical workings and customary language used in court procedure.

In the instant case, the Commonwealth has made a timely Petition for an Extension for the Time of trial. In that Petition, it has explained to the court that the court was unable to reach the case either on November 15th or on December 6th.[1] For us to require that on April 4, 1975, the Commonwealth and the court should have complied with the Rules not established until October 8, 1976 such as "the record must . . . show causes of the court delay and the reasons why the delay could not be avoided," see *Mayfield*, supra, or that the record must show that the delay was caused by "scheduling difficulties or the like," see *Shelton*, supra, is to demand the impossible and to render the Rule unworkable.

Here the Commonwealth in good faith and in good time has asked in writing for an extension, it has explained in common sense language why an extension is needed and the court based upon the request of the Commonwealth has granted a modest extension of 57 days. No prejudice to the appellant of any kind has been advanced. It appears to me that the trial was held in proper time.

The appellant raises six additional arguments, wherein I find no merit. However, I shall briefly discuss them, for the reason that the Majority has properly ignored them, addressing the aforementioned issue for reversal only.

1. It is indeed proper to infer from the allegation that the case was passed on December 6th, that it could not be reached particularly when the reason for its being passed was that it might be "Placed on the next *available* list." Furthermore, such an inference is supported by the allegation that on both November 15th and December 6th, the Commonwealth was prepared to proceed to trial.

Appellant argues that at the time of the alleged incidents of aggravated assault and simple assault,[2] he was too intoxicated to have possessed the intent necessary to have committed the crime. *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975). His evidence on this point is from the examining physician at the hospital to which appellant was taken. He stated that he could not say for sure and had no way of knowing whether appellant "would . . . have been able to run around and engage in a chase [which allegedly resulted in the crimes charged] an hour previous [to the examination]".[3] The examination established that appellant was intoxicated, thus the burden passed to the Commonwealth to prove that such a voluntarily-induced condition did not prohibit the formation of necessary intent. I believe that this duty is borne out by the Commonwealth's cross-examination of the physician. The jury chose, in its capacity as fact finder, not to believe the proffered defense. See *Commonwealth v. Pickett*, 244 Pa.Super. 433, 368 A.2d 799 (filed December 15, 1976). There was no error.

Appellant next argues that the Commonwealth failed to prove the elements of the crimes because the victim did not testify that she was attacked and that she did not consent. The Commonwealth need not call the victim. *Commonwealth v. Gasiorowski*, 225 Pa.Super. 390, 310 A.2d 343 (1973). I believe that the evidence presented by the two police officers who observed the attack from a short distance away, albeit circumstantial, was sufficient to make out the elements of the crime, viz., an attempt to cause bodily injury, or serious bodily injury, to another, in extreme indifference to human life. "Crimes Code", §§ 2701 and 2702. The jury chose to believe these officers. It is specious in the circumstances for appellant to argue that the Commonwealth must affirmatively prove the absence of consent

**2.** The indictments charged these crimes, as well as indecent assault, to which latter indictment the trial judge directed a verdict of not guilty.

**3.** Quote is from notes of testimony at trial, p. 80, question of Dr. Plume, asked by defense counsel.

as an element of the crimes of aggravated and simple assault.

Appellant has waived the argument that it was error to allow into evidence the statement of the victim to the observing and investigating officer, offered at trial by the officer.[4] No timely objection was heard from the defense. *Commonwealth v. Smith*, 464 Pa. 314, 346 A.2d 757 (1975).

Appellant next argues that it was reversible error for the lower court to have excluded from the evidence in the case of appellant the hospital record as to appellant's history, offered by the aforementioned examining physician. The record makes clear that the history was not obtained from the appellant himself upon his admission to the hospital, but rather from the Cheltenham Police. The hearsay nature of this statement clearly supports the lower court's sustaining of the objection to its admission.

I disagree with appellant's next argument—that the charge to the jury was erroneous in one particular. Defense counsel asked for a charge on unavailability of witnesses, namely the victim. After pointing out to the jury that it could infer that the testimony of a witness uncalled by the Commonwealth would contain nothing against the appellant, the trial judge said:

> "Now, on the other hand, you must also consider whether or not you can believe the testimony of the officer. As I recall the testimony, that he called the daughter, he finally located the daughter who said that she was living in South Jersey and was too ill to move about or come to trial. If you believe that, then that's a sufficient explanation. If you don't believe that, if you feel that her absence from here creates a reason for doubt, then as I told you before, you have no other recourse than to find [him] not guilty of the charges."

4. The statement was "Thank God. Thank God.". Detective Sholly testified that it was uttered to him immediately upon his arrival at the place where the victim was lying, the appellant having released his strangle-hold upon the victim only moments earlier. Notes of testimony at trial, pp. 9–10.

Appellant proposes that the underlined portion above was prejudicial to him. The police officer's credibility was properly put in issue, the same as any other witness. Nothing prejudicial arises from the context of this part of the charge. Appellant removes from the whole context one sentence, the prejudicial nature of which, even as it stands alone, I fail to find. The trial judge correctly stated the issue of inferences from unavailability of the victim.

Lastly, appellant raises an allegation of error from the judge's refusal to include the defense's requested point for charge regarding consent. Judge Scirica replied: "It is my opinion that the Commonwealth doesn't have to say there was no consent."[5] This statement was correct. Consent is a defense, not an element of the crime. The defense should have raised it in its case, had it wanted the issue presented to the jury for fact finding. Discretion of the lower court was properly exercised in refusing this request.

I would affirm the judgment of sentence.

---

**5.** Notes of testimony at trial, charge to the jury, p. 103.