405 A.2d 529

**In the Interest of Oswaldo GONZALES, a Juvenile.**

**Appeal of COMMONWEALTH of Pennsylvania.**

Superior Court of Pennsylvania.

Argued March 21, 1979.
Decided June 1, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, submitted a brief on behalf of appellant.

Steven H. Goldblatt, Deputy District Attorney for Law, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, HESTER and MONTGOMERY, JJ.

HESTER, Judge:

The Commonwealth appeals from an Order sustaining appellee's demurrer to charges of assault, robbery and conspiracy.

The only evidence produced at trial was the testimony of a police officer; the victim was not produced and thus did not testify.

The officer testified that at approximately 10:30 a. m. on January 29, 1978, while cruising in a marked patrol wagon with his partner, he observed two young men accosting an elderly lady. One forced the woman to the ground and then repeatedly pushed her back to the ground when she attempted to get up. The other man (appellee) went through her coat pockets while she was held to the ground, after about 30 seconds, the men spotted the police wagon and fled. They were apprehended a short distance away.

The court concluded that the officer's testimony was not sufficient to establish all of the elements of any of the crimes charged.

On our review of a demurrer, we evaluate the evidence in the light most favorable to the Commonwealth, together with all the inferences therefrom, to determine whether it was sufficient to submit the issue to the jury. *Commonwealth v. Long*, 467 Pa. 98, 354 A.2d 569 (1976).

We are of the opinion that the testimony was sufficient to allow this case to go to the jury on all three counts.

As to robbery, clearly the testimony established that in the cause of committing a theft, appellee and his cohort put their victim in fear of serious bodily injury. (See 18 Pa.C.S.A. § 3701(1)(ii) ). The lower court was troubled by the fact that the victim did not testify as to her own state of mind in the face of the attack. Such subjective testimony is not necessary to sustain a robbery conviction. See, *Commonwealth v. Mays*, 248 Pa.Super. 318, 375 A.2d 116 (1977). Clearly the aggressive actions of the two males here was sufficient to establish the "threat of bodily harm" element of robbery.

Similarly, we think the elements of the crime of simple assault, 18 Pa.C.S. § 2701, were sufficiently established. Contrary to the trial judges characterization of the

perpetrators actions as mere "physical contact", we think as stated above, the actions of the man clearly put the woman in "fear of imminent serious bodily injury", 18 Pa.C.S. § 2701(a)(3).

The demurrer was sustained as to the conspiracy charge because the court found no independent evidence of a conspiracy. This was error. The Commonwealth need not prove an explicit or formal agreement in order to establish the existence of a conspiracy. *Commonwealth v. Minnich,* 236 Pa.Super. 285, 344 A.2d 525 (1975). A conspiracy may be inferentially established by showing the conduct and the overt acts of the conspirators. *Commonwealth v. Eiland,* 450 Pa. 566, 301 A.2d 651 (1973). Here the conspiracy was established by showing the actions of the two men in assaulting and robbing the elderly woman, which inferentially showed a previous "conspiracy" to do the same.

We reverse the order of the trial court and remand the case for a new trial.