409 A.2d 431

**COMMONWEALTH of Pennsylvania**

v.

**Michael LEATHERBURY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Filed Aug. 17, 1979.

Reargument En Banc Denied Nov. 15, 1979.

■■■■■■■■■■■■

Leonard Sosnov, Elaine DeMasse, Assistant Public Defenders, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

PRICE, Judge:

On May 6, 1977, appellant was found guilty after a non-jury trial of possessing an instrument of crime generally [1] and simple assault.[2] Following denial of post-verdict motions and imposition of sentence, this timely appeal was filed. In addition to alleged insufficiency of the evidence, appellant asserts the Commonwealth's failure to comply with Pa.R.Crim.P. 1100(a)(2),[3] which mandates that a defendant be tried on or before the 180th day after a complaint's filing. Because we find appellant's Rule 1100 claim to be meritorious, we vacate the judgment of sentence and order appellant discharged, rendering it unnecessary to address appellant's sufficiency argument.

A written complaint in this case was filed on April 22, 1976. The first date set for the preliminary hearing was April 26, 1976, at which time the defendant failed to appear, and a bench warrant was issued. The warrant was withdrawn on May 3, and bail was set. On May 10, 1976, the complainant failed to appear due to an emergency. A continuance from May 19 to June 9 is not explained on the record. The period from June 9 to June 16 was a continuance because of defense counsel's inability to attend. Finally, on June 16, 1976, the prosecution was dismissed because the complaining witness did not appear.

1. 18 Pa.C.S. § 907(a).

2. 18 Pa.C.S. § 2701.

3. Pa.R.Crim.P. 1100(a)(2) requires that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

 A second complaint charging the same crimes and arising from the same incident was filed on October 28, 1976. Subject thereto, appellant was rearrested on November 4, 1976, and a preliminary hearing followed on November 10, 1976. On November 29, 1976, a written motion to dismiss under Rule 1100(f) was filed. That motion was denied by Judge Blake on December 14, 1976, when he ruled that for Rule 1100 purposes, time would be calculated from the date of the filing of the second complaint. In conjunction therewith, Judge Blake extended the run date to May 2, 1977, (180 days after the second complaint's filing would have lapsed on April 26, 1977) due to the dismissal of the original charges and the second complaint.[4] In fact, appellant was not tried until May 6, 1977.

It is appellant's position that the Commonwealth could have pursued his conviction under the first complaint, in spite of the complaining witness's failure to appear. Ultimately, that witness's testimony was not relied upon at the second preliminary hearing or at trial. Appellant thus argues that Rule 1100 should be calculated from the first

---

4. Although this description of Judge Blake's action on the motion to dismiss is related in Judge DiBona's opinion on post-trial motions, and highlighted in both parties' briefs, the record on appeal is devoid of any such order.

We note with interest that after argument on and denial of post-verdict motions on July 21, 1977, Judge Blake wrote an opinion on February 9, 1978, in which he reassessed his denial of appellant's motion to dismiss. Therein he analyzed more recent case law, and purported to order appellant discharged. On April 3, 1978, an opinion was filed in compliance with Pa.R.A.P. 1925(a) by Judge DiBona, who had tried appellant. In that opinion, Judge DiBona disagreed with Judge Blake's opinion of February 9, 1978, and instead reaffirmed Judge Blake's earlier order denying the motion.

It is well settled that it is inappropriate for a judge of coordinate jurisdiction sitting in the same case to overrule the decision of a colleague on the same court. *Marmara v. Rawle*, 264 Pa.Super. 229, 399 A.2d 750 (1979); *Commonwealth v. Griffin*, 257 Pa.Super. 153, 390 A.2d 758 (1978). A post-trial motions judge can certainly reassess decisions on pre-trial motions. Once post-trial motions are denied, however, the pre-trial motions judge would have absolutely no authority to rule further. Even absent that difficulty, the appeal in this case was filed on July 28, 1977; clearly, the court below had no jurisdiction to rule further in the case after that time. Pa.R.A.P. 1701(a).

complaint's filing and that he is therefore entitled to discharge.

In *Commonwealth v. Mumich,* 239 Pa.Super. 209, 361 A.2d 359 (1976), a complaint was filed charging the appellant with fornication and bastardy. Because the complainant's signature did not appear on the appellant's copy of the complaint, the lower court dismissed the case at the preliminary hearing stage. Although under Pa.R.Crim.P. 150 the complaint could have been amended and the appellant's discharge avoided if the court deemed the defect an informal one, the appellant's acquiescence in dismissal when the lower court *sub silentio* rendered the defect substantive, caused us to hold the dismissal proper. This court stressed a second area of concern when we said, "Moreover, the record does not reflect any impropriety by the district attorney's office in this case to avoid the mandate of Rule 1100." *Commonwealth v. Mumich, supra,* 239 Pa.Super. at 212, 361 A.2d at 361. We therefore ruled in *Mumich* that the Commonwealth was required to try the appellant on or before the 180th day following the filing of the second complaint.

Subsequent to the *Mumich* case, we have several times treated this issue and reaffirmed the *Mumich* criteria. When determining whether a first or second complaint controls the Rule 1100 calculation, we are mindful of two considerations: (1) was the first complaint properly dismissed; and (2) does the record reveal an intent by the prosecution to evade the Rule. *Commonwealth v. Weitkamp,* 255 Pa.Super. 305, 386 A.2d 1014 (1978); *Commonwealth v. Braithwaite,* 253 Pa.Super. 447, 385 A.2d 423 (1978). Applying these criteria in the instant case, we find that the dismissal was not proper, and that the Commonwealth's effort to evade Rule 1100 is apparent on the record.

According to the record in this case, the Commonwealth's alleged inability to present a case against appellant at the preliminary hearing, in the absence of the complaining witness, was the cause for the first complaint's dismissal fifty-five days after it was filed. Only after the passage of

an additional one hundred thirty-four days did the Commonwealth file the second complaint. The Commonwealth did not present the complaining witness's testimony at the preliminary hearing or at trial. Nor was any explanation offered for its failure to do so. Clearly, the prosecution was not hindered by the absence of that testimony, since the testimony of the arresting officers that it did present was sufficient to hold appellant over for court and to convict him. Under the circumstances here presented, there appearing no explanation for the Commonwealth's failure to bring forth later the "crucial" witness, and there appearing no explanation for the Commonwealth's failure to pursue the case until the 189th day after the first complaint was filed by lodging a second one, we find that the record demonstrates the Commonwealth's obvious intent to circumvent the Rule. Accordingly, we calculate the Rule 1100 run date from the first complaint's filing date.

■ Absent any Commonwealth extensions under Pa.R. Crim.P. 1100(c) or any exclusions under Pa.R.Crim.P. 1100(d) due to appellant's unavailability, the Commonwealth was thus required to try appellant on or before October 19, 1976. There were no Commonwealth extensions. Further, even assuming for purposes of this discussion that appellant should be charged with two periods of continuance in the conduct of the first preliminary hearing because of his failure to appear—seven days—and his counsel's unavailability—seven days—appellant was entitled to discharge when he requested it on November 29, 1976. Even if those fourteen days could be viewed as actually having delayed trial commencement,[5] trial would have been required to com-

---

5. The supreme court, recently discussing Pa.R.Crim.P. 1100(d) in *Commonwealth v. Morgan*, 484 Pa. 117, 123–124, 398 A.2d 972, 975 (1979), declared:

"Thus, any occurrences between the filing of the complaint and the commencement of the trial which did not affect the time in which the trial was commenced, is beyond the purview of the Rule and therefore not properly considered as a 'delay in the proceedings' within the terms of section (d) of the Rule. 'Delay in the proceedings' as used in the Rule requires an actual frustration in the commencement of trial. A postponement of an arraignment which

mence on or before November 2, 1976. Because this did not occur, appellant was entitled to discharge.

Judgment is vacated and appellant is ordered discharged.

HESTER, J., files a dissenting opinion.

HESTER, Judge, dissenting:

Appellant and an accomplice were apprehended while in the process of conducting a robbery, at knife point, on the streets of Philadelphia. The incident occurred in full view of two police officers. The original complaint was filed April 22, 1976.

Following several continuances, the prosecution was dismissed due to the fact that the victim failed to appear. Appellant nor his counsel objected to said continuance. The second complaint was filed on October 28, 1976. Appellant thereafter was tried non-jury and convicted on May 6, 1977. Appellant did not testify nor present any evidence in his own behalf.

The majority has ruled that appellant should have been tried within 180 days from the date of the first complaint; that the requirements of Rule 1100 have not been met and appellant should be discharged.

I dissent.

In *Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (1976), the original complaint was filed October 9, 1973. The preliminary arraignment was held May 18, 1974 at which time the complaint was dismissed as the result of the failure to provide defendant with a copy of complaint bearing the signature of the prosecutrix. On June 20, 1974 a second complaint was filed, trial was held thereon and defendant convicted. In dismissing the Rule 1100 argument based

does not in any way prolong the time for the commencement of trial is irrelevant to the question of a speedy trial and is therefore not in fact to be considered in determining the application of Rule 1100 in a given case."

It would thus appear that difficulties in scheduling the preliminary hearing, attributable to a defendant, do not cause "delay in the proceedings" qualifying them for Pa.R.Crim.P. 1100(d) analysis.

upon the assertion that trial should have been had upon the first complaint this Court held:

"Under circumstances that defendant made no objection to dismissing of complaint on basis that signature of prosecutrix-affiant did not appear on the defendant's copy, defendant acquiesced in dismissal rather than amendment to remedy the defect and could not thereafter attempt to take advantage of the ruling he in no way opposed. Pa.R.Crim.P., Rules 132, 140, 150."

and

"Under circumstances that no objection was voiced to dismissal of complaint charging fornication and bastardy on basis that signature of prosecutrix-affiant did not appear on the defendant's copy, magistrate acted within his discretion in dismissing the complaint and discharging defendant, and the 270–day period for trial commenced to run from filing of new complaint. Pa.R.Crim.P., Rule 1100; 18 Pa."

The court further held that there was no impropriety by the Commonwealth to avoid the mandate of Rule 1100. In *Commonwealth v. Lowe*, 255 Pa.Super. 78, 386 A.2d 144 (1978) defendant was arrested September 18, 1975. The charges were dropped October 29, 1975 due to the fact the arresting officer was unavailable. A second complaint was filed December 30, 1975 upon which defendant was convicted. Upon appeal, this Court focused on two considerations in determining whether Rule 1100 should run from the first or subsequent complaint in a given case: first, whether the first complaint was properly dismissed, and second, whether the record reflected any attempt by the district attorney's office to avoid the mandate of Rule 1100.

In disposing of the first item, the *Lowe* court held at page 146:

"In the instant case, there appears of record no objection by appellant or his counsel to the dismissal of the charges. Clearly, appellant remained subject to rearrest and new prosecution. *Commonwealth v. Hetherington,*

460 Pa. 17, 331 A.2d 205 (1975); *Riggins* Case, 435 Pa. 321, 254 A.2d 616 (1969)."

In dealing with the question as to whether the record therein reflected any impropriety by the Commonwealth to circumvent Rule 1100 due to the fact that the first complaint was dismissed when the arresting officer was unavailable, the *Lowe* court ruled, at page 146:

"[I]n the instant case there is no reflection in the record that the Commonwealth was acting in bad faith in dismissing the first complaint against appellant. Furthermore, appellant concedes that the discharge was due to the Commonwealth's inability to produce witnesses. Therefore, we would hold, as did the lower court, that Rule 1100 ran from the filing of the second complaint."

and further

"When the original charges against appellant were dismissed on October 29, 1975, the proceedings were terminated. Once the charges were dismissed, the Commonwealth was required to initiate a new prosecution against appellant, if it so chose. Because no charges were then pending against appellant, it could not be claimed that the first complaint resulted in 'disrupt[ing] his employment, drain[ing] his financial resources, curtail[ing] his associations, subject[ing] him to public obloquy . . . [or] creat[ing] anxiety in him, his family . . . [or] his friends.' *United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971). Any of those potential results of being subject to criminal charges dissipated with the original complaint's dismissal. In addition, none of the charges in the original complaint culminated in trial. Therefore, speedy trial rights which attached with the first complaint's filing were permanently severed by appellant's discharge."

In *Commonwealth v. Weitkamp*, 255 Pa.Super. 305, 386 A.2d 1014; wherein a criminal complaint charging a defendant with perjury was filed on December 18, 1973. Defendant was given a preliminary hearing before a district justice

on January 29, 1974. At that time three witnesses for the Commonwealth, York police officers who had testified in Crime Commission hearings, asserted their fifth amendment privilege and declined to answer questions regarding their knowledge of an involvement in the payment of towing kickbacks in York. The Commonwealth was thus able to produce no evidence and the complaint was dismissed.

On October 15, 1974, a new complaint charging perjury on the same facts was lodged against defendant. Another preliminary hearing was held on November 1, 1974, before the same district justice who had dismissed the first charge, and a prima facie case was established. Defendant was subsequently indicted by the Dauphin County Grand Jury and was brought to trial and convicted on January 14, 1975. On appeal before this Court he argued that the 270 day period during which the Commonwealth had to try him under Pa.R.Crim.P. 1100(a)(1) must be measured from the filing of the initial complaint.

This Court refused to reverse the conviction, stating, at page 1033:

> "It is well-established that a magistrate's finding that the Commonwealth has not established a prima facie case is not a final determination, such as an acquittal, and only entitles the accused to his liberty for the present, leaving him subject to rearrest. *Commonwealth v. Hetherington*, 460 Pa. 17, 331 A.2d 205 (1975)."

. . . . .

> "In this case defendant makes no claim that he objected to the dismissal of the first complaint against him. Further, the record reflects no intent by the Commonwealth to deprive appellant of his right to a speedy trial or to otherwise secure advantage or prejudice appellant's defense by trying him at a later time. The first complaint was dismissed when the Commonwealth's witnesses declined to testify, and a second complaint was brought when the Commonwealth was able to produce the necessary evidence."

"Defendant was tried within the prescribed period following the filing of the second complaint against him, and his petition to dismiss under Rule 1100 was therefore properly denied."

In *Commonwealth v. Braithwaite*, 253 Pa.Super. 447, 385 A.2d 423 (1978) the defendant therein was tried on charges of conspiracy to commit burglary contained in a complaint filed May 21, 1975. Said complaint was the fourth, the first having been filed March 10, 1975 charging defendant with burglary; the first complaint was dismissed by the magistrate April 16, 1975. On March 20, 1975, he was charged with abetting a theft. A third complaint charging defendant with burglary and conspiracy to commit burglary was lodged on April 17, 1975. May 21, 1975, the second and third complaints were withdrawn by the Commonwealth, and the fourth complaint, charging conspiracy to commit burglary was filed. He was convicted September 30, 1975 on charges accruing from the fourth complaint.

In refusing to reverse on the Rule 1100 argument the *Braithwaite* court held, at page 424:

"We find the instant situation to be controlled by our decision in *Commonwealth v. Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (1976). In *Mumich*, we held that the prescribed period of Rule 1100 commenced with the filing of a subsequent complaint when an initial complaint had been properly dismissed by a magistrate. We tempered our holding in *Mumich*, however, with the recognition that the prompt trial period would attach from the date of the second complaint only if (1) the first complaint was properly dismissed and (2) the record fails to reflect an improper prosecutorial design to circumvent the mandate of Rule 1100. Here, as in *Mumich*, the record fails to show that either the appellant or his attorney objected to the dismissal of the complaint by the magistrate. We must therefore assume that the magistrate did not abuse his discretion in dismissing the complaint. Since the complaint was properly dismissed by the magistrate, the Commonwealth was not precluded from filing a new com-

plaint. See Pa.R.Crim.P. 150(b); *Commonwealth v. Hetherington*, 460 Pa. 17, 331 A.2d 205 (1975). Moreover, the record does not demonstrate '. . . any impropriety by the district attorney's office in this case to avoid the mandate of Rule 1100.' *Commonwealth v. Mumich*, supra, 239 Pa.Super. at 212, 361 A.2d at 361. Since appellant's trial timely commenced after the filing of the complaint on May 21, 1975, we hold that appellant's rights under Rule 1100 were not violated."

In the within case, the majority would rule that the dismissal of the first complaint was improper. I do not agree. The Commonwealth was confronted with a situation wherein the victim failed to appear. Comparable situations occurred in *Lowe*, supra, when the arresting officer was unavailable; in *Weitkamp*, supra, when three police officers refused to testify at the hearing on the first complaint; and in *Braithwaite*, supra, wherein the defendant was tried and convicted on the fourth complaint following the dismissal of the first complaint and the withdrawal of the second and third complaints.

Applying the holding in those cases to the facts of the within situation, I find the dismissal of the first complaint against appellant proper. Appellant did not object to said dismissal. He concedes it was properly dismissed (appellant brief, p. 11). Further, the record, in my judgment, reflects no intent by the Commonwealth to deprive appellant of his right to a speedy trial or to otherwise secure advantage or prejudice appellant's defense by trying him at a later time.

The first complaint was dismissed when the victim failed to appear, and a second complaint was brought when the Commonwealth was able to produce the necessary evidence. Since the complaint was properly dismissed the Commonwealth was not precluded from filing a new complaint, if it so chose. The speedy trial rights which attached with the first complaint's filing were permanently severed by appellant's discharge.

The appellant, in my opinion, was tried within the prescribed period following the filing of the second complaint. His conviction should not be disturbed.

Appellant sustained no prejudice as the result of the delay. He does not allege that his defense was impaired. The undisputed facts are that appellant was apprehended in the act of committing a robbery of an individual, using a knife, in full view of two police officers. He advanced no defense. He did not testify in his own behalf nor did he present any evidence. He was fairly tried. His guilt was proven beyond a reasonable doubt.

I would affirm the judgment of sentence.