453 A.2d 957

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael LEATHERBURY.**

Supreme Court of Pennsylvania.

Submitted Oct. 22, 1982.

Decided Dec. 30, 1982.

Eric B. Henson, Deputy Dist. Atty., Ann C. Lebowitz, Asst. Dist. Atty., for appellant.

John W. Packel, Asst. Public Defender, Chief, Appeals Div., for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

The Commonwealth appeals from an order of the Superior Court, 269 Pa.Super. 194, 409 A.2d 431, which discharged appellee Michael Leatherbury, who had been convicted of simple assault and possession of an instrument of crime. The Superior Court granted relief on the ground that the Commonwealth had failed to bring appellee to trial within 180 days as mandated by Pa.R.Crim.Proc. 1100. Because the record establishes that the requirements of Rule 1100 have been satisfied we vacate the order of the Superior Court and remand the record to the Superior Court for consideration of appellee's remaining claim of error.

The record establishes that on April 22, 1976, a written complaint was filed against appellee charging him with robbery, possession of an instrument of crime (generally), possession of a concealed weapon, simple assault, and criminal conspiracy. On April 26, appellee failed to appear at a preliminary hearing on the charges, and a bench warrant for appellee's arrest was issued. On May 3, the bench warrant was withdrawn and a new date for the preliminary hearing was scheduled. At two subsequently scheduled preliminary hearings the complaining witness failed to appear. On June

16, when the complaining witness failed to appear for a third time, the Commonwealth requested a continuance. Upon appellee's motion, the court discharged appellee, subject to rearrest.*

On October 28, 1976, the Commonwealth filed a second complaint against appellee charging him with the same crimes that had been charged in the first complaint. Appellee was rearrested on the basis of this second complaint on November 4, and a preliminary hearing was held on November 10, at which the complaining witness did not appear. Appellee was bound over for trial on the basis of the testimony of one of two police officers who claimed to have witnessed the alleged offenses.

On February 1, 1977, the Court of Common Pleas of Philadelphia ordered appellee to undergo a psychiatric examination in order to determine his competency to stand trial. See Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, § 402, 50 P.S. § 7402 (Supp.1982). On February 7, appellee was examined by a court-appointed psychiatrist and determined to be incompetent to stand trial because of his inability to assist in the preparation of his defense. On February 22, the court ordered a second examination, which indicated that appellee had regained the ability to assist in the preparation of his defense. A final determination was entered on May 5, 1977, when the court concluded that appellee was competent to stand trial. A non-jury trial commenced the next day, at which the Commonwealth proceeded solely on the basis of the testimony of the second police officer who had witnessed the alleged offenses. Appellee was found guilty of simple assault and possession of an instrument of crime, and acquitted of all other charges.

In discharging appellee, the Superior Court held that Rule 1100 was not tolled during the period between the dismissal of the first complaint and the filing of the second complaint,

---

* Dismissal of charges when a Commonwealth witness has failed to appear at three scheduled preliminary hearings is provided for by Philadelphia R.Crim.Proc. 555(A). See also Pa.R.Crim.Proc. 141(d).

on the theory that the Commonwealth had attempted to evade the requirements of Rule 1100 by failing to proceed to a preliminary hearing on the first complaint. Since the Superior Court's decision in the present case, this Court has held that Rule 1100 should be tolled between the dismissal of a first complaint and the filing of a second complaint, except where "there is an obvious attempt to evade the requirements of Rule 1100(c) [ (governing applications of the Commonwealth for extensions of time) ] through the use of the *nolle prosequi* procedure." *Commonwealth v. Johnson,* 487 Pa. 197, 204, 409 A.2d 308, 311 (1979). Accord, *Commonwealth v. Navarro,* 499 Pa. 279, 453 A.2d 308 (1982). Because the charges contained in the first complaint were dismissed, the period between the dismissal and the filing of the second complaint is properly excluded under Rule 1100. With this exclusion, it is clear that appellee was tried in compliance with the Rule.

Order of the Superior Court vacated, and record remanded to the Superior Court for proceedings consistent with this opinion.

O'BRIEN, C.J., filed a dissenting opinion.

O'BRIEN, Chief Justice, dissenting.

I dissent. I cannot agree that the decisions of this Court require us to condone the Commonwealth's obvious attempt to evade the requirements of Rule 1100 in the instant matter merely because the Commonwealth did not employ the *nolle prosequi* procedure in furtherance of its design. *See Commonwealth v. Johnson,* 487 Pa. 197, 409 A.2d 308 (1979).

The Commonwealth's decision to request a third continuance rather than proceed with the preliminary hearing was, by the Commonwealth's own admission, an exercise of prosecutorial discretion. The Commonwealth stresses the importance of the victim's testimony in a robbery prosecution, but does not contend that it was not in possession of sufficient evidence to make out a *prima facie* case without such testimony on June 16, 1976. In light of the fact that the testimony of only one of the two arresting officers at the

November 10, 1977, hearing was ruled sufficient to establish a *prima facie* case against appellee on all charges, it seems clear that the Commonwealth could have proceeded at the June hearing. Instead, the attorney for the Commonwealth appeared with no witness for a third time and requested still another continuance so that he could again attempt to contact the complaining witness, explaining that the witness worked in a travelling circus, could be notified only through his family, and could appear only when he was "in the area." The Commonwealth gave the court no assurance that it could secure the complainant's attendance at any given time. Further, even with such assurance, the court would have been constrained by local rules of criminal procedure. Philadelphia Criminal Rule 800(III)(C) provides:

III. Continuances may be granted in a preliminary hearing only as follows:

. . . .

(C) In all preliminary hearings, including homicides, the Commonwealth, for valid cause, will be granted up to two continuances.

The Rules of the Philadelphia Municipal Court, in which the hearing was listed, are equally clear:

Rule 555. *Preliminary Hearings*

(A) Municipal Court Judges may dismiss cases at preliminary hearings where the Commonwealth witnesses fail to appear three (3) times. The Court may issue bench warrants for Commonwealth witnesses in appropriate cases.

It is obvious that the Commonwealth had no reasonable expectation that a continuance would be granted and a dismissal avoided when it appeared at the scheduled hearing.

The dismissal of the first complaint, therefore, was a direct consequence of the Commonwealth's decision not to proceed. Appellee cannot be faulted for objecting to a third continuance and moving for discharge under such circumstances, nor should he be prejudiced thereby in computing the time for trial under Rule 1100. This dismissal, moreover, worked to the Commonwealth's obvious advantage. Its effect was to remove the proceedings from judicial

control, leaving the Commonwealth free to delay its prosecution of appellee indefinitely before filing a second complaint on identical charges. Had the Commonwealth gone forward with its evidence on June 16, 1976, and established its case, any delay in securing the complainant's attendance at trial would have been subject to Rule 1100(c)'s due diligence requirements, and no extension would have been available without leave of the court. Since the Commonwealth offers no explanation for its four-month delay in filing a second complaint, or for its failure to make use of the complaining witness's testimony in any proceeding, there is no support in the record for the notion that the prosecution exercised due diligence in bringing appellee to trial.

Thus I would hold that, because the Commonwealth acted with the intent to circumvent the operation of Rule 1100 in engineering the dismissal of the first complaint, the period between the dismissal of that complaint and the filing of the second must be included in the Rule 1100 computation. *Commonwealth v. Whitaker,* 467 Pa. 436, 359 A.2d 174 (1976). The order of the Superior Court vacating appellee's sentence and ordering his discharge should therefore be affirmed.