469 A.2d 263

**COMMONWEALTH of Pennsylvania**

v.

**Michael LEATHERBURY, Appellant.**

Superior Court of Pennsylvania.

Submitted July 28, 1983.

Filed Dec. 23, 1983.

Leonard Sosnov, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, BECK and MONTEMURO, JJ.

ROWLEY, Judge:

This direct appeal is before us on remand from the Pennsylvania Supreme Court for consideration of (1) appellant's challenge to the sufficiency of the evidence to support his conviction of simple assault and possession of an instrument of crime and (2) appellant's claim that he was prejudiced because the victim did not testify at his non-jury trial. *Commonwealth v. Leatherbury*, 499 Pa. 450, 451, 453 A.2d 957, 958 (1982).[1] Upon review of the record, we find appellant's allegations of error to be without merit, and accordingly, we affirm the judgments of sentence imposing a total of five years probation.

Appellant's fifth reason in support of his motion for "post verdict relief" alleged that "[t]here was insufficient evidence to establish beyond a reasonable doubt that any crime was committed, especially in light of the fact that no complainant ever testified, either at trial or at the prelimi-

---

1. When this case was first before our Court on direct appeal, the judgments of sentence were vacated and an order was entered discharging appellant pursuant to Pa.R.Crim.P. 1100. *Commonwealth v. Leatherbury*, 269 Pa.Super. 194, 409 A.2d 431 (1979). Thus, appellant's other claims of error were not addressed. Upon the Commonwealth's appeal of that decision, the Supreme Court determined that the requirements of Rule 1100 had been satisfied and the Superior Court's order was vacated. Consequently, the case was remanded to this Court for resolution of appellant's remaining allegations of error. *Commonwealth v. Leatherbury*, 499 Pa. 450, 453 A.2d 957 (1982).

nary hearing." [2] Whether appellant moved for arrest of judgment, or a new trial, by this motion is unclear since he merely requested "post verdict relief". As we understand appellant's motion, he sets forth two separate claims of error that would warrant different remedies if either were found to be supported by the record.

An allegation that the evidence is insufficient to support a conviction is properly the basis for a motion in arrest of judgment. *Commonwealth v. Holmes*, 315 Pa.Super. 256, 270, 461 A.2d 1268, 1275 (1983) (Wieand, J., concurring and dissenting); Pa.R.Crim.P. 1123. In reviewing the sufficiency of the evidence, the test is whether, viewing the record in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Smith*, 484 Pa. 71, 74, 398 A.2d 948, 949 (1979); *Commonwealth v. Santiago*, 476 Pa. 340, 342, 382 A.2d 1200, 1201 (1978).

A claim that the criminal defendant was unfairly prejudiced by the absence of a vital witness' testimony is grounds for a new trial, if correct. *Commonwealth v. Horn*, 395 Pa. 585, 150 A.2d 872 (1959); *Commonwealth v. Gasiorowski*, 225 Pa.Super. 390, 310 A.2d 343 (1973); *see also Commonwealth v. Gray*, 441 Pa. 91, 271 A.2d 486 (1970) *cert. denied*, 402 U.S. 967, 91 S.Ct. 1683, 29 L.Ed.2d 132 (1971) (appellant advanced alternative motions in arrest of judgment and for new trial). The absence of the victim's testimony at trial is irrelevant to the sufficiency analysis because our scope of review does not require that we speculate regarding evidence that may have been presented

---

**2.** Pre-trial motions in this case were filed prior to our decision in *Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1983). We note, however, that appellant's motion that the evidence was insufficient to support the verdict would not satisfy the criteria set forth in *Holmes*. Although it states that there was no testimony from the victim of the crimes, it does not specify *in what respect* the evidence was insufficient. *Holmes, supra*, 315 Pa.Superior Ct. at 267–68, 461 A.2d at 1273–1274.

at trial. Thus, these are two separate claims of error and we will treat appellant's motion as though it were properly divided into two separate requests for appropriate appellate relief. Nonetheless, we do not condone the use of an improper and vague motion such as the one employed in this case.

In testing the sufficiency of the evidence, we look to the evidence introduced at trial. Officer Melvin Smith was the only witness at appellant's trial and he gave the following testimony. On April 21, 1976, at approximately 8:30 p.m., Officer Smith and his partner, Officer Bruce Allen, were on foot patrol at 46th and Market Streets in Philadelphia. The area was well-lit and there was little traffic. Officer Smith observed the appellant and another man standing on the southeast corner of the intersection. A minor traffic accident occurred and the driver of one car involved in the accident, later identified as Mr. Raymond Johnson, got out of his car and walked over to the driver and passenger of the other vehicle to discuss the accident. Appellant and his companion then approached the three motorists and soon after, Officer Smith noticed that appellant was holding Mr. Johnson in a headlock while his companion searched Johnson's pockets. When Officer Smith attempted to arrest the appellant and his companion, he saw something fly from appellant's right hand and he heard it hit the ground. He retrieved a paring knife with a steel blade. Money and a wallet containing Mr. Johnson's identification were found on the ground immediately following the incident.

Appellant claims that the evidence was insufficient because the police officer did not observe, nor could he hear, what ensued prior to the struggle. Consequently, appellant argues that several non-criminal explanations for his actions were not precluded by the testimony at his trial. For example, he may have been acting in self defense or merely attempting to obtain Mr. Johnson's identification. These contentions conveniently ignore the undisputed testimony that a knife fell from appellant's hand when he was arrested and also, that the victim's wallet and money were

found on the ground nearby. This evidence, combined with the fact that appellant held the victim in a headlock while his companion went through the victim's pockets, was more than sufficient to support the convictions for simple assault and possession of an instrument of crime. The sole testimony of a police eyewitness may be sufficient to establish the elements of a crime. *In Re Gonzales,* 266 Pa.Super. 468, 405 A.2d 529 (1979). While a criminal conviction may not be based on mere conjecture, the Commonwealth's burden of proof may be sustained by circumstantial evidence. *Commonwealth v. Pronkoskie,* 498 Pa. 245, 248, 445 A.2d 1203, 1205 (1982). In this case the trial judge attached great weight to the testimony of Officer Smith and he was entitled to believe all, or none, or any part of the testimony he heard. *Commonwealth v. Parsons,* 233 Pa.Super. 419, 423, 335 A.2d 800, 802 (1975).

■ Appellant further claims that he was prejudiced by the Commonwealth's failure to call the victim to testify as a witness. This argument is without merit. The Commonwealth is not bound to call the victim of a crime as a witness as long as testimony is not withheld solely because it would be favorable to the defendant. *Commonwealth v. Jones,* 452 Pa. 569, 580, 308 A.2d 598, 607 (1973); *Commonwealth ex rel. Sprangle v. Maroney,* 423 Pa. 589, 592, 225 A.2d 236, 238 (1967); *Commonwealth v. Allen,* 287 Pa.Super. 88, 95, 429 A.2d 1113, 1116 (1981); *see Commonwealth v. Gasiorowski,* 225 Pa.Super. 390, 310 A.2d 343 (1973). The Commonwealth is obligated, however, to "apprise the defense of the witness's name and whereabouts at trial, unless the defense is able to procure the witness unaided." *Commonwealth v. Jones, supra,* 452 Pa. at 580–81, 308 A.2d at 605; *Commonwealth v. Gray,* 441 Pa. 91, 100, 271 A.2d 486, 490 (1970) *cert. denied,* 402 U.S. 967, 91 S.Ct. 1683, 29 L.Ed.2d 132 (1971).

■ In the instant case, the record reveals that the name and address of the victim were known to both the prosecution and the defense. Whether the victim was available at the time of trial is unclear; however, the record discloses

that the defense never requested that the Commonwealth inform them of the victim's whereabouts, nor did the defense attempt to call the victim as a witness. In fact, the defense attempted to exclude evidence of the victim's address. Moreover, there is no indication that the victim's testimony would have been favorable to the appellant. *Commonwealth v. Jones, supra,* 452 Pa. at 581, 308 A.2d at 605–606; *Commonwealth v. Gray, supra* 441 Pa. at 99–100, 271 A.2d at 490; *Commonwealth v. Allen, supra* 287 Pa.Super. at 96, 429 A.2d at 1116–1117; *Commonwealth v. Johnson,* 236 Pa.Super. 98, 101, 344 A.2d 646, 647 (1975) *allocatur denied* (1976). Under these circumstances, we cannot perceive that the victim's failure to testify resulted in any unfairness to appellant.

■■■ Appellant further claims that the evidence was insufficient because the driver and the passenger of the other car involved in the accident were not called as witnesses. We find that appellant waived this claim of error. As previously explained, unless a separate claim of error is alleged, a challenge to the sufficiency of the evidence does not require that we speculate regarding other evidence that may have been introduced at trial. Here, appellant did not allege in post-trial motions that he had been prejudiced by the Commonwealth's failure to call other witnesses and he did not make this argument before the post-verdict motions court. This issue, therefore, was not preserved for appellate review. *Commonwealth v. Grace,* 473 Pa. 542, 375 A.2d 721 (1977) (an issue not presented in post-verdict motions is preserved for appellate review only if it was briefed to the court below and that court considered it on the merits); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975) (issues not presented in written post-trial motions will not be considered by trial or appellate courts). Nevertheless, in the interest of judicial economy, we have reviewed appellant's claim and we find that it is equally without merit. There is no evidence in this case that the defense requested information concerning the names or whereabouts of the driver and passenger of the other car

involved in the accident. Officer Smith testified that the other persons involved in the accident were available at the station house after the incident. However, there was no indication that their testimony would have aided appellant's defense. Under these circumstances, we find that the Commonwealth's failure to call the other witnesses to testify resulted in no prejudicial error to appellant.

Judgments of sentence affirmed.